The opinion of the court was delivered by
Dukcan, J.
That-the executor, in this state, has always been considered as a trustee of the next of kin, as to all the residue of personal property undisposed of by the testator, was.settled between these very parties, and a recovery had by the testatrix in .her life time. '■ '
To this second action,, the defendant below.has interposed, first the plea of former recovery; secondly, an election by the plaintiff not to claim under the will, but her dower at the common law; established, as he contends, by two writs of dower; one against John Wilson, the other against Robert Knox, the tenant of testator, *429 living on the tract devised to be sold, and which was sold, and one-third of the purchase money of which- she claims in this action, as the residúe undisposed of, of the testator’s personal estate, as his widow.
The plea of a former recovery is composed partly of law and fact, is a mixed question of law' and fact, and the issue.is always to the country.
This was an action for money .had and received to and for the use of Jane Wilson, against the. defendant as her trustee. It is on the principle of trust alone, that the action can be maintained. It is in the nature of a bill in equity. The declaration states no specific, single cause of action, money received from a particular person for the use of the plaintiff; and in this form of action, a plaintiff can only recover the money which the defendant has actually-received. It was, therefore, competent to the plaintiff to show what money she really "did recover, and on what account; and to show, that she did not and could not recover certain sums of money which she sought to recover in this action, because it was not one entire transaction or cause of action, incapable of separation, and which the .plaintiff could not-split up into several actions, but separate and distinct causes in their nature; and even in the case of an entire contract, where action cannot be brought till all the days of payment are past; yet where the action sounds in damages, as in the present case, and not debt, the plaintiff may sue in order to recover damages for every default made in payment. Ashford v. Hand, Andrews, 370. So, if money is awarded to be paid at different times, assumpsit will lie on the award for each sum as it becomes due. Cooke v. Whorwood, 2 Saund. 338. It is unreasonable that an action can be brought for money not due, and ungracious to object, that because you have recovered money which was really due at the time you sued and recovered, that you shall not recover money from-me which 1 did not then owe, because I had not received it, but which I have since received as your trustee. -To permit a plaintiff to prosecute' in a second action, what was included in and might have been recovered in the first action, would be unjust and against the policy of the law, because it would harass a defendant and expose him to double costs. This is the doctrine in Hesse, Executor of Hesse, v. Heebie, 6 Serg. & Rawle, 57. If he does not bring it forward on the first trial, he is'supposed to have abandoned it, and has no cause of complaint. But where he does not specifically include it in his first action, and could not recover it if he did, that he should be barred from ever recovering it, would be most aggravated injustice.
The former recovery was only prima facie evidence that demands were inquired into, but not conclusive. The issue in the plea is, whether the damages demanded in this action were recovered in the former one, and the plaintiff ought' clearly to show, that this same cause of action had not been litigated and decided *430 in that action. The evidence was competent to show that it had not been recovered in that action, because the defendants showed it had not been actually received by the executors.
There was, therefore, no error either in the admission of this evidence, or in the instruction given to the jury on the plea of former recovery. It was for the jury to decide whether it was recovered or not.
On the ground of election, the case presents one question of some difficulty. If this is-undisposed of residue of the’personal estate, the- question of election, strictly, cannot well arise; for the defendant claims as if the testator quoad this residue, had died intestate. She does not claim this under the will, or ask it in opposition to the will, but because there is no will disposing of it. But it has some resemblance to election,' so far as respects the land sold to Jesse Gilbert, which she claims as personal'estate. Now she shall not be allowed for her benefit to consider it as both real and personal estate, and to claim distinct interests in two qualities. There is nothing equitable in this. Her claim of it as personal estate is equity: at law, the executors take the surplus. But it is held, that in Pennsylvania, though the executor takes it, he takes it as a trustee for the next of kin, and she can only claim it passing to him as personal estate. Her claim of it as land,, is equivalent to a declaration that she will abide by her legal right. She disowns the trust, and in such case the writ of dower and count in dower are a conclusive election made by her, of the state in which she considers this property and claims it.
It is a different question from taking in opposition to a will. She has two interests arising out of the same subject, the land. She may use it either way, but not both ways; and to one entire act. Here she had two ways arising out of her interest. She cannot work it both ways. Hob. 159, 160. This action of dower was a disclaimer in a Court of Record {Butler and Baker’s Case, 3 Co. 26. b.) of all claim to this as personal estate. An election is made by real action in a Court of Record, claiming as realty. She asserts her legal right to this as real property, by a real action. She, therefore, by necessary consequence, disclaims all equitable right to it, as personal estate, by a personal, equitable action, as this is.
In .the .Appeal of John Anderson, Administrator of Christopher Griffith, 4 Yeates, 35, heir at law claiming an interest in intestate’s estate as personal in the Orphan’s Court, was estopped from asserting his right to the land. One of the reasons why estop-pels are-allowed, is, that what a man hath once asserted in a court of justice is presumed true, and he ought not to be permitted to contradict it. .
But there is another view of this subject, quite satisfactory to my mind, which has not been adverted to; apd that is, that there is no resulting trust to. the next of kin of the testator, of the surplus of the proceeds of the sale of land, after satisfying the specific *431 purposes, but the trust is -for the heirs. It is my will, that the land whereon Robert Knox lives, in Leacock township, together with fifty acres of land lying in Lampeter township, be sold after my decease, and £ 100 of the purchase money to be paid to my daughter, Margaret Hamilton, and the interest of £ 100 to be paid to my daughter Mary; and at her decease, the said £100 to be divided equally among her children.” The heir takes the resulting trust of the residue, after satisfying the charges. A difficulty sometimes arose, in what quality he took, whether real or personal estate. When the object of- the sale has ceased, and ■ no further disposition is to be made, the heir takes a resulting trust. 8 Johns. 81. The appointment of an executor vests the whole personal property in the executor. The legal title is in him: he is as much proprietor as the testator was in his life time. Not so of lands; for what is not devised, vests in the heir: the executor has neither interest nor power; but what is specifically given to him: for every devise of land is, from necessity, specific. There must tie a substantive and independent intention to turn the real estate, at all events, into personal; not where there is only a specific purpose, and no conversion except to answer that purpose. The heir' takes' all that which is not for a defined and specific purpose, given by the will. There is no doubt but that the heir, paying the charges on the land, could prevent a sale; and there is no spark of equity between the heir and next of kin. There cannot be a gift without a donee. Plain words of gift áre necessary to disinherit an heir at law.
A' devise of real estate to be sold, the object being a provision for legacies, and .not an absolute conversion to all intents, the heir at law takes the surplus, which would not be affected by the appointment of a residuary executor. Here it is not converted out and out, nor the surplus directed to be disposed of; but is a surplus fund resulting to some one; and I do not see how the personal representative can ever get at that, which was not personal at the death of the testator, but by express direction; and there being no such direction, the heir at law is entitled to it as a resulting fund, because it was real estate — land—at the devisor’s death, and this part of it an interest in the real estate — land—not effectually devised; and which, therefore goes to the heir. It is for this reason, that the produce of an estate, which the devisor directs to be sold, can never be, strictly, part of his general, personal property. Every person taking an interest in the produce of land directed to be sold, is in truth a devisee, and not a legatee. But here is neither legatee nor devisee, nor any disposition of the surplus as money.. Whatever interest.in a profit out of real ^estate is undis-posed of descends to the heir. Talbot’s Cases, 43.
Where there is a devise to trustees to 'sell to pay debts, &c. and no disposition is- made of the residue, the benefit of the residue descends to the heir at law; because the devise is taken to be simply *432 a charge, and the estate so far reinains real notwithstanding. But in case of personal estate, the law vests the legal title in the executor, -of all undisposed of, as it does of all the real estate in the heir undisposed of by the will.
It is not necessary there should be an expression in favour of the heir to enable him to take; but it is necessary there should be a clear expression or manifest implication, that the testator intended to give- it to some one else, to take it from the heir. And if it is doubtful what the intention was, or if there were no intention about it, the heir must take.. If it was a measuring cast between the heir and next of kin, the heir must take.
Whenever the executor takes a residue of personal estate, and is made a trustee for the next of kin, the trust is equally for the widow; because then it goes under the intestate law, as part of the personal estate undisposed of. But the produce of land undisposed of, goes as the land itself would. But under a bequest of the residue of personal estate to the next of kin, without more, the widow does not take. If this widow takes this as a personal estate, she does not take it because of the intestacy of her husband, but must take it because it' was given to her by the will. She cannot take it as if her husband had died intestate, because, in that event,'' she is entitled to dower alone. She cannot take it under the will, because it is not given to her. The claim of the widow, if supported, would defeat the intention of the testator, and it is difficult to maintain the construction, that this estate was converted, out and out, by the testatoi’, into personal estate, and was such at his death; and impossible to support the position, that he devised her one-third of the surplus of this land in fee simple, after discharge of legacies. For that would 'be the consequence; and if no sale had been made,.she then could have maintained an ejectment for one-third of the land: than which nothing could be more contrary to every principle both of equity and law, or more repugnant to the intention of the testator.
' The court are of opinion, that the surplus money arising from the sale of the land, after payment of the legacies charged specially thereon, went ás a resulting fund to the heir; and would not go, either to the executor or next of kin, as an undisposed of residue of personal estate, and that- the plaintiff would not be entitled. And that if it were undisposed residue of personal estate, having made her election by action in a Court of Record to claim it as real, was a disclaimer of any equitable interest in it as personal estate. The widow having annulled the will as respected this tract, by judicial process, her election by this repudiation was made, to take this as real estate. She reprobated all claim to it as personal; denied its conversion into personal. When she, in a Court of Record, prosecuted her right to this as real, she elected to reprobate the will, in order to establish her claim to this as real. She could not, afterwards, approbate it, so as again to make it personal. *433 The record in the action of dower against John Wilson, was properly rejected. It was immaterial; for whether she recovered dower, or sued for it, from the land devised to John or not, could have no operation on the claim she set up in the action for the produce of the sale of the lands directed by the executor to be sold; nor on the undisposed residue of that which was purely personal estate at the testator’s death, to which she has an unquestioned right.
Judgment reversed, and venire facias de novo awarded..