The opinion of the court was delivered by
Duncan, J.
If the rules of pleading had been attended to in the replevin causes, and an avowry for a certain sum in arrear, there would have been no difficulty in the question; for then the causes of action, as the avowry is in the nature of a declaration, woul4 have appeared on the record, and the judgment, if the recovery had been for the same premises in the replevin, if pleaded in bar, would have operated as an estoppel; and, if given in evidence in the general issue, would have been equally conclusive. I know there are recent English decisions, that if the former judgment is not pleaded, but given in evidence on the general issue, it is not conclusive on the general issue; yet the law appears to have been settled to the contrary by many authoritative decisions, which I am not inclined to disturb.
Whatever may be the form of action, if the original question appears to have been the same, and the same evidence will support both actions, and judgment be had on the merits, it bars all other actions for the same cause; but, from the loose, inartificial, and unsatisfactory mode of avowing generally for rent in arrear, without a specification of any thing, it may or may not be that the cause of action was the same. It will be matter of evidence what was the cause of action in the former cases — matter not to be tried solely by the record, but a mixed matter, to be tried by a jury.
The fact does not clearly appear on the bill of exceptions, whether or not the former judgments were because the landlord was not able to prove a certain rent which would be the subject of distress, or because he failed in his proof of a demise altogether. In one part of the bill, it would rather appear it was because no certain rent was reserved; but, in another part, the court says, “the landlord has shown a parol lease to Schnee, and transferred by him to the defendants, under which they entered and occupied;” and direct the jury, that the amount of rent in such lease, ought to govern them in the verdict. Now, if the defendants did enter and occupy under the parol lease to Schnee for a reserved rent, then, undoubtedly, the landlord could have distrained the defendants’ goods found on the premises, and have avowed for that reserved rent in the replevin causes, and the entry and occupation under that parol lease to Schnee; in which case the former judgments would operate as an estoppel if pleaded in bar, or as conclusive in evidence, on the general issue, against the plaintiffi
*286 A judgment, in every species of action, is final for its own purpose and object, concludes the subject matter, and is a bar to further litigation; the judgment following the particular right or claim in personal actions; as, here, avowry for rent in arrear, which, being in the nature of a declaration, on the issue no rent in arrear, would be conclusive evidence in every other species of action where the rent was again demanded; the verdict would be a bar— call it estoppel or conclusive evidence, its effect would be the same.
The judgment is therefore reversed, and a new trial awarded; in which the parties will take care to have the facts precisely stated. The court do not wish to anticipate the final result, or give any opinion to foreclose the parties, further than has been made pecessary to the immediate decision, and desire both parties to understand this. This cause went to trial on a statement; this statement is entirely defective; and, if objection had been taken on this ground, the judgment must have been reversed; for the plaintiff has omitted to state that which is an essential part of the statement, “ the whole amount which he believes is justly due to him.” How could the court, if the defendants had made default, give judgment against them for any certain sum, which is made their duty in all cases under the statement law.
Judgment reversed, and a venire facias de novo awarded.