## Sterner *against* Gower.

In covenant for instalments of money, former recovery between the same parties on the same instrument is not a bar, where breaches for the instalments now demanded were not specifically assigned in the former suit; and evidence is admissible to show that the instalments now demanded had *not* fallen due, and were not included in the former recovery.

It is otherwise where the former claim was entire, and for a sum of money *in solido*.

THIS was an action of covenant, brought by Jacob Sterner and Michael Altemus, administrators of Michael Sterner deceased, against John Gower, in the Common Pleas of *Monroe* county, of May term 1837, in which a declaration was filed, stating, that whereas, heretofore, to wit, on the 14th day of September 1827, at the county aforesaid, by certain articles of agreement then and there made, between the said Michael Sterner, now deceased, of the one part, and the said John Gower, of the other part, which said articles of agreement sealed with the seal of the said John Gower, the date whereof is the said day and year aforesaid, the said plaintiffs bring here into court, the said Michael Sterner, for the consideration thereinafter mentioned, did, for himself, his heirs, executors and administrators, covenant, promise and agree to and with the said John Gower, his heirs and assigns thereby, that he, the said Michael Sterner, should and would on or before the 1st day of November next ensuing the date thereof, by good and lawful deed or deeds, well and sufficiently grant, convey and assure unto the said John Gower, his heirs and assigns, in fee simple, clear of all encumbrances, a certain tract of land situate in the

[Sterner v. Gower.]

township of Hamilton, in the said county, beginning, &c., containing 145 acres.   In consideration whereof the said John Gower, for himself, his heirs, executors and administrators, did covenant, promise and agree to and with the said Michael Sterner, his heirs and assigns, that he the said John, his heirs, executors and administrators, or some of them should and would on the execution of the deed or deeds aforesaid, well and truly pay, or cause to be paid unto the said Michael, his executors, administrators or assigns, the sum of $1000, in manner following, viz : The amount of the judgment which Rudolph Drach held against the said Michael Sterner, to be paid on the delivery of the said deed, and $75 annually, until the remainder was paid.   The first to be paid on the 1st day of April 1829 ; and the said John was to advance as much money to the said Michael as would pay for patenting the said tract of land; and upon his, the said John Gower, paying the money aforesaid, and executing notes or bonds for the payments aforesaid, the said Michael Sterner should give unto the said John Gower possession of the premises.

And whereas on the same day and year first aforesaid, at the county aforesaid, at the time of sealing, signing and delivering the articles of agreement aforesaid, it was verbally agreed by and between the said Michael Sterner and the said John Gower, that the said tract of land should be measured according to the metes and bounds in the said articles of agreement mentioned, and the number of acres therein contained precisely determined.   And was then and there further agreed by and between the said John Gower and Michael Sterner, that if the said tract of land should be found to contain more than 145 acres, that he the said John Gower should pay the said Michael Sterner at the rate of $1000 for every 145 acres, for each and every acre that should be contained therein over and above the said 145 acres therein mentioned as aforesaid; which said two last mentioned averments it was then and there intended by the parties should have been inserted in the aforesaid article of agreement, but was omitted therefrom by the mistake of the scrivener ; and that afterwards, to wit, on the 1st day of October in the year last aforesaid, at the county last aforesaid, the said tract of land was surveyed, and the quantity therein contained was ascertained to be 172 acres and 115 perches, with the usual allowance, &c.

And whereas, afterwards, to wit, on the same day and year first aforesaid, at the county aforesaid, it was further verbally agreed by and between the said Michael Sterner and the said John Gower that the time for the execution of the said conveyance for a part of the said tract of land, to wit, for 159 acres, part thereof as aforesaid, should be changed, and that the same should be made and executed on the 26th day of November then next, instead of the 1st day of November then next, as was in and by the said article of agreement stipulated and provided.

iii. — 18                     M *

And the said Jacob Sterner and Michael Altemus, administrators, as aforesaid, further say, that although he, the said Michael Sterner, in his lifetime, and they the said administrators since, have always, from the time of making the said articles of agreement, hitherto well and truly performed, fulfilled and kept all things in the said articles of agreement mentioned and contained, on the part of the said Michael Sterner deceased, to be performed, fulfilled and kept according to the tenor and effect, true intent and meaning thereof, to wit, at the county aforesaid. And that the said Michael Sterner, in his lifetime, did, to wit, on the said 27th day of November in the year last aforesaid, execute and deliver to the said John Gower, a good and lawful deed duly acknowledged by him the said Michael Sterner and Elizabeth his wife, conveying and assuring to him, the said John Gower, and to his heirs and assigns in fee simple, clear of all encumbrances, a certain tract or piece of land with the appurtenances, particularly mentioned and described in the deed, situate in the township of Hamilton aforesaid, and containing 159 acres, with the usual allowance, &c., it being part and parcel of the said premises mentioned and described in the said article of agreement as aforesaid, and also that the said Michael Sterner in his lifetime did, to wit, on the 1st day of October in the year last aforesaid, execute and deliver to the said John Gower one other good and lawful deed duly acknowledged by him the said Michael Sterner and Elizabeth his wife, conveying and assuring to him the said John Gower, and to his heirs and assigns in fee simple, clear of all encumbrances, all that certain lot, tract or piece of land with the appurtenances, particularly mentioned and described in the said last mentioned deed, situate in the township of Hamilton, in the county aforesaid, and containing 13 acres and 115 perches, it being also part and parcel of the said premises in the said article of agreement mentioned and described, and that the said two tracts or pieces of land in the said two deeds mentioned and described, and thereby conveyed and assured to the said John Gower as aforesaid, make, together, the certain tract or piece of land in the articles of agreement mentioned and described, with the appurtenances, containing 172 acres and 115 perches, which said two deeds were, on the days and times last mentioned, at the county aforesaid, accepted and received by the said John Gower, as full performance on the part of the said Michael Sterner of his part of the said articles of agreement; and of the verbal agreement omitted therefrom in relation thereto. And the said plaintiffs further say that the said Michael Sterner, in further performance of his part of the said articles of agreement, did, on the said 26th day of November in the year last aforesaid, at the county aforesaid, deliver the full and entire possession of the said premises, with the appurtenances, unto the said John Gower, who from thence hitherto hath held, used, occupied and enjoyed the same. Yet protesting that the

said John Gower hath not performed, done or kept anything in the said articles of agreement contained, and the said omission therefrom on his behalf to be performed, fulfilled and kept according to the tenor and effect, true intent and meaning thereof, the said plaintiffs say that the said John Gower did not himself, nor did any other person whatever for him, pay or cause to be paid to the said Michael Sterner, at the execution of the said deeds as aforesaid, or at any other time in his lifetime, nor to the said administrators of the said Michael Sterner, since his decease, the whole or any part of the said sum of $1000 for the said 145 acres in the said articles of agreement mentioned, nor for the additional number of acres contained in the said tract of land, to wit, 27 acres and 115 perches, at the rate of $1000 for every 145 acres aforesaid, which said additional acres, at the price aforesaid, amounts to the sum of $191.16; but the said John Gower to pay the said sum of $1000, and the said additional sum of $191.16, according to the tenor and effect and true intent and meaning of the said articles of agreement, and of the verbal omissions thereof, as aforesaid, except as hereinafter stated, hath hitherto wholly neglected and refused, and still doth neglect and refuse.

And the said plaintiffs further say, that although the said John Gower did, to wit, on the 1st of October 1827, pay the amount of the judgment which Rudolph Trach held against him the said Michael Sterner, amounting on that day to the sum of $397.38; and also that the said John Gower did, on the same day last aforesaid, advance as much money to the said Michael Sterner, as was sufficient to pay for the patenting of the said tract of land, to wit: the sum of $226.80. And although heretofore, to wit: at the April term 1833, of the Court of Common Pleas of Northampton county, the said plaintiffs instituted an action of covenant upon the articles of agreement aforesaid, against the said John Gower, in which action on the 26th day of August 1835, the plaintiffs, by the consideration of the said court, recovered judgment against the said defendant for the sum of $188.64, it being the balance due to the said plaintiffs on the first five instalments of $75 each, due on the said articles of agreement, from the 1st day of April 1829, to the 1st day of April 1833, both inclusive, together with interest on the said balance up to the day of the rendition of the said judgment, as aforesaid. Yet the said plaintiffs further say, that afterwards, to wit, on the 1st day of April 1834, at the county of Monroe aforesaid, there was a further and other instalment of $75 due to the said plaintiffs upon the said articles of agreement, and also that on the 1st day of April 1835, there was a further and other instalment of $75 due upon the said articles of agreement, to the said plaintiffs; and that on the 1st day of April 1836, there was one further and other instalment of $41.96 due upon the said articles of agreement, it being the last instalment thereon, which said last three mentioned instalments were not paid by the said John

[Sterner v. Gower.]

Gower himself, or by any other person for him to the said Michael Sterner, in his lifetime or his administrators since his decease.

And the said plaintiffs, therefore, further say, that the said John Gower did not, nor did any person for him, annually after the 1st day of April 1829, pay to the said Michael Sterner, in his lifetime, or to the administrators of the said Michael since his decease, the sum of $75, until the remainder of the purchase money was paid, but the said last mentioned three instalments falling due, respectively on the 1st day of April 1834, on the 1st day of April 1835, and on the 1st day of April 1836, as aforesaid, due to the said Michael in his lifetime, did not pay, nor did he pay the same to his administrators, since his decease, contrary, &c., concluding in the usual form, and laying the damage at $500.

The defendant pleaded former recovery for the same cause of action, and set forth the action of covenant in the Common Pleas of Northampton county, between the same parties referred to in the declaration, and the judgment therein entered at August term 1835, in favour of the plaintiff for $188.64.

The plaintiffs replied that the former action of covenant brought by them against the defendant was not for the breach of the same covenants and agreements, &c., but for the breach of other and different covenants, &c., and new assigned the same breaches set forth in the declaration.

On the trial, the plaintiffs gave in evidence the article of agreement dated 14th September 1827, between Michael Sterner and John Gower,—the contents of which are stated in the declaration, and then closed.

The defendant gave in evidence the record of a judgment in the Court of Common Pleas of Northampton county, No. 55, of April term 1833, between the plaintiffs and the said defendant John Gower. This judgment was also in an action of covenant brought upon the same articles of agreement upon which the present suit was brought, and the declaration in that case is very similar to the present, except in the assignment of breaches, which is as follows :

And the said plaintiffs further say, that the said John Gower, at the time of the delivery of the said deeds as aforesaid, nor at the time of delivery of either of the said deeds, or at any other time, did not pay the amount of the judgment which Rudolph Trach had against him the said Michael Sterner; nor did the said John Gower, or did any other person for him, on the 1st day of April 1829, pay to the said Michael Sterner in his lifetime, the sum of $75, nor did he annually thereafter pay to the said Michael Sterner in his lifetime the sum of $75, until the remainder of the said purchase money was paid, nor did he at any time in the lifetime of the said Michael, pay to him the whole or any part of the said annual sums as aforesaid. Nor has the said John since the decease of the said Michael, paid to his administrators the said

[Sterner v. Gower.]

sum of $75 as aforesaid, on the 1st day of April in the year last aforesaid, nor did he annually pay to them the sum of $75 or any part thereof, until the remainder of the said purchase money was paid, but the whole and every part thereof to them to pay, hath hitherto wholly neglected and refused, and still doth neglect and refuse, contrary to the tenor and effect and the true intent and meaning of the said articles of agreement, and the omissions therefrom as aforesaid, to wit: at the county of Monroe aforesaid. And the said plaintiffs further say, that the said John Gower did not advance as much money to the said Michael Sterner in his lifetime, nor to his said administrators since his decease, as was sufficient to pay for the patenting of the said tract of land, nor did the said John execute his notes or bonds to the said Michael in his lifetime, or to his said administrators since his decease, for all or any of the payments aforesaid or any part or parcel thereof, contrary to the tenor and effect, true intent and meaning of the articles of agreement aforesaid, to wit: at the county aforesaid. And the said plaintiffs in fact say that the said John (although often requested so to do) hath not kept and performed any and all the covenants and agreements, on his part agreed to be performed and done by the said articles of agreement and omissions therefrom as aforesaid. Whereupon, the said Jacob Sterner and Michael Altemus, administrators, &c. of Michael Sterner deceased, as aforesaid, say that they are injured, and have sustained damage as such administrators as aforesaid, to the sum of $1000.

The record also showed that the plaintiff, on the 29th of August 1835, obtained a verdict and judgment for $188.64.

The defendant then closed, and the plaintiffs called a witness by whom, and other witnesses, they offered to prove, that at the time the former suit was brought, the record of which was given in evidence, there were three instalments, as stated in plaintiffs' declaration, not then due, and for which no recovery was had in that case; to show this, they offered to prove the amount claimed by Gower as his credits on the former trial, and by which it would appear that no recovery was had for the instalments now claimed, and that in that case no claim was made for the said instalments then not due, but the same were expressly excluded from the consideration of the jury. They also offered to prove the defendant's declarations to two witnesses since the former trial, that he was still indebted to the plaintiffs for two or three instalments on the land referred to in the article of agreement, and for which instalments this suit was brought.

To the admission of which evidence the defendant objected, and the court rejected it. The plaintiffs excepted to this decision, and the court sealed an exception.

The jury rendered a verdict in favour of the defendant, and judgment was entered accordingly.

[Sterner v. Gower.]

The error assigned was:

The court erred in rejecting the evidence mentioned in the bill of exceptions.

*Hepburn*, for the plaintiff in error, contended that the evidence offered ought to have been received.  The plaintiff was not barred by his former judgment from any instalments which were not due when the former suit was brought, or which could not be recovered in that suit.  That suit was brought to April term 1833, and the instalments now claimed did not fall due till April 1834, 1835, and 1836.  In *Longstreth* v. *Gray*, (1 *Watts* 60), it was held that non-payment of money not due when the suit was brought, cannot be assigned as a breach.  In *Wilson* v. *Hamilton*, (9 *Serg. & Rawle* 429), a former recovery was decided to be only a bar for what was included in the action, and might have been recovered.  To the same point he cited 7 *Johns.* 22; 5 *Wend.* 245, where the cases are collected; *Kane* v. *Fisher*, (2 *Watts* 246); *Morrison* v. *Beckey*, (6 *Watts* 349); *Croft* v. *Steele*, (6 *Watts* 373); *Hess* v. *Heeble*, (6 *Serg. & Rawle* 57), relied on by the defendant, contains nothing contrary to this; for there the second suit was a substitution for the first.  In 9 *Serg. & Rawle* 129, and 6 *Watts* 375, *Hess* v. *Heeble* is referred to as a case where the demands were due, and might have been recovered, which is not the case here.

The court below decided this point in our favour, but held that the measure of damages in the former suit was the refusal to give bonds and notes.  In this we contend there was error.  The *gravamen* of our complaint was the non-payment of the money. There may be one recovery for non-delivery of the bonds, and another recovery for the non-payment of the money.  The covenants are distinct.

*Maxwell* and *Reeder, contra.*

The declaration in the former suit sets out breaches of all the covenants, and claims damages for the whole.  As in *Hess* v. *Heeble*, the jury must have found the whole issue, and the plaintiff is not permitted to prove that no evidence was given of what was included in the declaration, being an averment against the record. The assessing entire damages is conclusive, even though the plaintiff gave no evidence.  2 *Strange* 1259; 1 *East* 358; *Phill. Ev.* 218.

Here there was a breach assigned in the former suit for nondelivery of the bonds and notes for the residue. . On this breach the plaintiff could have recovered, and must be deemed to have recovered full damages equivalent to their value.  *Peake's Ev.* 69; 10 *Johns.* 365; 11 *Johns.* 530; 2 *Mass.* 356; 11 *Mass.* 495; 16 *Johns.* 136; 2 *Johns.* 210; 13 *Serg. & Rawle* 246; 17 *Serg. & Rawle* 319; 4 *Rawle* 288; 2 *Wend.* 369; 1 *Esp. Rep.* 43; 4 *T. R.* 147.  In *Romig* v. *Romig*, (2 *Rawle* 241), it was held that in trover for

bonds, the amount recoverable is the amount for which the bonds are given.

*Hepburn*, in reply. In trover, the value is the measure of damages; but in covenant, only the inconvenience and injury sustained by the breach.

PER CURIAM. — The distinction in *Hess* v. *Heeble*, is between those cases in which the cause of action appears to have been entire, and those in which it appears to have consisted of parts divisible without inconvenience or confusion. In the latter, it was said, the record, if it do not affirmatively show that the jury passed on the controverted matter, does not conclude the plaintiff in a subsequent action. Apply that distinction to the present case. The defendant below had covenanted to pay $1000 by instalments, thus: an amount sufficient to discharge a judgment which bound the land, and $75 yearly, till all should be paid. The plaintiff assigned for breach generally, in the words of the covenant, that he had not discharged the judgment, and had not paid the annual instalments till all were paid. By recurring to the time when suit was brought, we find that three of these instalments had not fallen due, and of course could not have been recovered under this or any other assignment; and it was to show this that the evidence was offered, so that upon the distinction stated it is difficult to see how the rejection of it can be sustained. Breaches for the three instalments included in the present action, were not specifically assigned; nor does it affirmatively appear that damages were assessed for them; consequently, the evidence did not tend to contradict the record, but would have served to explain it in those particulars in which the generality of the assignment had left it doubtful. The action, unlike that in *Hess* v. *Heeble*, was not for a sum *in solido*, but for distinct breaches of a covenant, each of which might be an independent cause of action; and that these had occurred at the commencement of the action did not appear by the pleadings, for the assignment would have been sustained by proof of non-payment of the judgment, or any one of the instalments. It was competent, then, for the plaintiff to prove that they had not been recovered.

Judgment reversed, and a *venire de novo* awarded.