## Karmane *against* Hoober.

An administrator has no power to deliver a deed executed by his intestate in his lifetime, in pursuance of a contract for the sale of land; he must first apply to the Orphans' Court for leave to prove the contract and execute and deliver a deed.

ERROR to the Common Pleas of *Clearfield* county.

Christian Karmane, administrator of John Karmane, deceased, against George Hoober.

This was an action of covenant founded upon an agreement,

[Karmane v. Hoober.]

dated the 11th of February 1830, by which John Karmane covenanted to sell and convey, in fee simple, clear of encumbrances, to George Hoober, a tract of land; in consideration of which George Hoober covenanted to pay $200 in April 1830, and the balance of the purchase money on the 15th of April 1836; the conveyance to be made when the whole purchase money was paid. The $200 were paid according to the contract, and this suit was brought to November term 1840, to recover the balance of the purchase money.

The intestate, in his lifetime, executed a conveyance to George Hoober of the land clear of encumbrances, but it was not delivered. After his death, and before suit brought, the present plaintiff tendered this deed to the defendant; and the question arose, whether this was such a tender of title as would enable the plaintiff to recover the purchase money.

Woodburn, President, instructed the jury that the delivery of the deed in the life of the intestate was as essential to its validity as the tender of it before suit brought was essential to the plaintiff's right of action. That the administrator could have no power to deliver a deed unless it were given him by the Orphans' Court; and directed a verdict for defendant.

*Wallace*, for plaintiff in error, cited 5 *Watts* 514; 1 *Serg. & Rawle* 72; 1 *Cox* 66; 2 *Thos. Coke* 277; 4 *Watts* 471, 305; 9 *Con. Ex. Chan. Rep.* 155; 9 *Mass.* 307; 4 *Whart.* 387.

*Smith*, for defendant in error, cited 4 *Watts* 383; 4 *Watts* 43; 1 *Watts & Serg.* 480; 2 *Watts & Serg.* 227.

Per Curiam.—The cause was put to the jury on its true ground. It will not be said the purchaser was bound to pay for the land before he had a title for it; and how was he to get it? Not by tendering the deed prepared by the plaintiff's intestate, which, for want of delivery, passed nothing in his lifetime, and which his personal representative had no power to complete after his death. The plaintiff had it in his power to make a title by proving the contract according to the provisions of the Act of Assembly; and this he was bound to do before he demanded the purchase money.

Judgment affirmed.