## CARMONY *v.* HOOBER.

Former recovery for defendant, on a technical objection merely, not pleadable in bar.

Parol evidence is admissible to explain, but not to contradict the record.

It seems, the charge of the judge which has been filed is part of the record for this purpose.

To an action of covenant by administrator of vendor, who was bound to tender a deed before suit brought, a plea of former recovery is not conclusive, if it be shown that the judgment was there rendered for defendants, because the administrator, plaintiff, had not authority to execute or tender a deed, for want of a decree on the decedent's contract in the Orphan's Court.

In error from the Common Pleas of Clearfield.

*May* 27. This was an action of covenant, in which the plaintiff declared as administrator of John Carmony, setting forth articles of agreement between his intestate and the defendant, whereby the latter purchased certain land of the former, and agreed to pay $200 in cash, and $944 on a day fixed; and it was further provided, that on payment of the sum of $1144, the vendor agreed to make out and duly execute a sufficient deed to the vendee in feesimple. The declaration then averred that the plaintiff and his intestate had fully performed all their agreements, and that he had, since the death of the intestate, duly proved the contract and agreement, and tendered a deed for the premises, whereby the sum of $944 became due, &c. To this, defendant pleaded that there was a former action of covenant brought for the same matter contained in the said declaration, to wit, in the term of, &c., in 1840, and that a verdict and judgment were rendered for the defendant, which were still in force, &c.

To this the plaintiff replied that the former action was prematurely brought, before the contract of the intestate had been proved according to the act of Assembly, and that it was now proved, whence defendant was liable.

On the trial the plaintiff gave in evidence the contract and a petition in the Orphan's Court in 1843, by the present plaintiff, for leave to perform his intestate's contract, on which a decree was made and a deed tendered. The defendant proved the record of the former action between the same parties on the same articles and for the same sum of money, in which the declaration contained an averment that a deed had been tendered, to which there was a plea of covenants performed filed, instead of a plea of payment, which was withdrawn, and a verdict and judgment for defendant. To this record was appended the charge of the court delivered in that case, directing a verdict for defendant, on the ground that there was another remedy

provided by statute, viz.: in the Orphan's Court; without a decree there, the plaintiff had no right to make a deed, and hence could not recover.

On this evidence, the court (WOODWARD, P. J.) directed a verdict for the defendant, saying that the former recovery under those pleadings being for the same cause of action, was conclusive on the parties.

To this ruling, four errors were assigned.

*Wallace* and *J. T. Hall*, for plaintiff in error.—The question should have gone to the jury, for it was mixed of law and fact. The declarations were different; the present averring proceedings in the Orphan's Court which were not in existence when the former judgment was recovered. It was, moreover, apparent on the record that the merits of the case had not been gone into. There was an averment generally of a deed having been tendered, but none as to the proceeding in the Orphan's Court. This new averment made indeed a new cause of action, and certainly threw upon the defendants at least to show that the merits of the case had been disposed of there. The evidence also was different. The plaintiff could not have recovered in the former action without proof of tender of a deed, and the evidence in this cause showed that there was no authority then in existence to make the tender, and there being no evidence that the deed was tendered by the intestate, there was sufficient, beside the charge of the court, to go to the jury on the question whether that default was the ground of that judgment. If it was, it was no bar to this action; Wilson *v.* Hamilton, 9 Serg. & Rawle, 424; Newbold *v.* Wright, 4 Rawle, 195; Porter *v.* McIlroy, 4 Serg. & Rawle, 436; 2 Serg. & Rawle, 415; Jones *v.* Wildes, 8 Serg. & Rawle, 150; Sadler *v.* Slabaugh, 2 Watts, 73; Rice *v.* King, 7 Johns. 20; Cam. & Nor. 99; 2 Wm. Black. R. 831; 3 Wils. 308; 1 Mod. 207; 4 Bac. Abr. 114.

*Smith*, contrà.—The plaintiff's misfortune in not being prepared with his evidence on a former trial has no effect on the verdict and judgment, and if it was for the same cause of action the record is pleadable in bar; Kilheffer *v.* Herr, 17 Serg. & Rawle, 319, 326. The question is not what was inquired into, but whether the same causes have been twice counted on; Croft *v.* Steele, 6 Watts, 375; Anspach *v.* Brown, 7 Watts, 139. There can be no collateral inquiry into the propriety of the former decision; Bower *v.* Tallman, 5 Watts & Serg. 556; and it is immaterial that it was in an action subsequently brought; Duffy *v.* Lytle, 5 Watts, 120. The only distinction is

between divisible and indivisible causes of action; Sterner v. Gower, 3 Watts & Serg. 143; Hess v. Heeble, 6 Serg. & Rawle, 59.

*June* 7. BELL, J.—Though the pleadings in this case are very defective in form and substance, and stop short of the issue the parties intended to present as the principal one, the record sufficiently shows that the sole question agitated in the court below. was, whether the verdict and judgment rendered against the plaintiff in the action brought by him against the defendant, to November Term, 1840, and pleaded in bar in the present suit, estops the plaintiff for ever of his action for the alleged breach of the covenants which give rise to this litigation. The court below being of opinion that such was its legal effect, declined to hear evidence in support of the defendant's second plea of " covenants performed," instructed the jury that the former judgment was conclusive against the plaintiff's right to recover in this suit, and accordingly directed them to find a verdict for the defendant. This instruction is here assigned for error, and it presents a naked question of law free from any embarrassment which might arise from conflicting facts. The maxim which forbids a second judicial agitation of *rem judicatam* by the same parties or their privies, is one of essential consequence in its application, and therefore to be rigidly adhered to within the bounds that have been assigned to it. But we think it has never been carried to the verge to which the learned judge before whom the cause was tried has pushed it in the present instance. On the contrary, it has been held an acknowledged principle, that when it can be gathered from the record, the merits of the controversy were not passed upon in the first action, but the determination proceeded upon some technical objection not affecting the plaintiff's ultimate right to sue, the first judgment will constitute no bar to the second suit: for, as was observed by a very eminent jurist, in such case the argument that the causes of action were the same is virtually negatived. (Per Story, J., in Hughes v. Blake, 1 Mason, 519.) This exception to the maxim invoked by the defendant in error, if indeed it can strictly be called an exception, since it assumes the character of a general rule, is almost, if not altogether, co-existent with the rule itself. Thus, in a very early case, it was held that where the judgment was rendered on the ground of the insufficiency of the declaration, the defendant could not use it as a bar to a second action for the same cause, though by mistake or design the judgment was rendered with a *nil capiat* instead of an *eat sine die;* Lepping v. Kedgewin, 1 Mod. R. 207;

and if an heir brought *formedon* in the *descender*, and was barred in it, yet he might have a *formedon* in the remainder or reverter; for mistaking his action, as was said, is not an estoppel to bringing his true action; Robinson's case, 5 Rep. 32 b. So too where the plaintiff mistakes the character in which he ought to sue, by bringing his action as administrator, and judgment passes against him on that ground, it will not preclude him from a second action for the same cause brought as executor; Kitchen *v.* Campbell, 3 Wils. 308; S. C. 2 Wm. Black. 831. The rule is the same if the first cause went off because the court had not jurisdiction, or because the debt or duty sued for was not then due; Estill *v.* Taul, 2 Yerg. 467, 470; or, as was determined by this court in Kane *v.* Fisher, 2 Watts, 253, where the record shows that part of a demand, consisting of several articles capable of being separated, was not due, though counted for at the time of suit brought. But approaching somewhat nearer to the precise point presented for adjudication by the case at bar, it will be found that when it appears the first suit was prematurely commenced, no advantage can be taken of a judgment rendered therein against the plaintiff, unless indeed it be shown the parties waived the irregularity and consented to an investigation of merits. Thus it has been correctly decided that a judgment rendered in favour of the defendant, in an action against the endorser of a promissory note, brought *before notice given*, cannot be set up as a bar to a second action *after notice*, because it is apparent that in the first suit the plaintiff had no cause of action; New England Bank *v.* Lewis, 8 Pick. 113. Many similar cases might be cited, all proceeding on the ground that where the merits of the second suit were necessarily excluded in the former, the plaintiff ought not to be barred. Indeed a contrary rule would be founded in such rank injustice as to be insupportable, and had such an one been even entertained in the earlier ages of the law, when reason and truth were but too often made to give way before the fancied force of technical subtleties and hair-drawn distinctions, it must long since have succumbed to the enlightened wisdom which tolerates litigation only as a means of administering uniform justice.

The present case cannot in principle be distinguished from those I have cited, but it resembles, in its essential features, more particularly the case last referred to. Here, as there, the action was prematurely brought, and for the same reason; namely, that the plaintiff had not done all incumbent on him to do, to put himself in a position legally to call on the defendant to perform his contract. The first action was brought upon the same articles of agreement

which constitute the ground of the second, but as fully appears from the charge of the court, made part of the record, it was not determined upon the issue made by the defendant's plea of "covenants performed;" but judgment was rendered against the plaintiff because omitting to prove, before action brought, the contract made with his decedent, he was not in a position to tender a conveyance of the premises sold to the defendant, and, consequently, could not call upon the latter to pay the purchase-money. (See report of the former suit; 3 Watts & Serg. 253.) It is, therefore, conclusively shown by the record, that the merits of the plaintiff's claim have never yet been passed on, and that the judgment now set up as a bar, did not spring from the *foundation* of the action in which it was rendered, but was the consequence of an objection which touched only the plaintiff's *then* right to sue. This, as has been seen, is insufficient to invest it with the character of an estoppel. But on the argument, it was thought by the defendant's counsel, that the doctrine we have attempted to establish is impugned by the case of Hess v. Heeble, decided by this court in 1820, (6 Serg. & Rawle, 59.) This idea, however, proceeds upon an entire misapprehension of that determination. There the question was, how far parol evidence was receivable to show the exact extent of the plaintiff's claim on the trial of the former action, and no more was decided than this, that when the plaintiff counts as for an entire cause of action, though originally capable of separation into distinct parts, and the defendant pleads to the whole declaration, upon which issue a trial is had, the plaintiff shall not be permitted to show, in a subsequent action brought for the recovery of part of the sum originally counted for *in solido*, that on the first trial he did not claim that portion of his demand sought to be recovered in the second action, for this, say the court, would be to contradict the record by parol.

The distinction which seems to be established with us is explained by the subsequent case of Sterner v. Gower, 3 Watts & Serg. 136, to be between those cases in which the cause of action appears to have been entire, and those in which it appears to have consisted of parts easily divisible. In the latter, it is said, the record, if it do not affirmatively show that the jury passed on the controverted matter, will not conclude the plaintiff in a subsequent action. Even this distinction is disregarded in New York, (Snider v. Croy, 2 Johns. 227 ; Phillips v. Berick, 16 Johns. 136,) and perhaps in England, where, it would seem, parol evidence will in all cases be admitted to show that the merits of the controversy sought

to be litigated in the second, was not inquired into in the first suit. Be this as it may, it is certain that everywhere such evidence is admissible to show what transpired on the first trial, and thus *explain* the record, with this only observance, that when the cause of action is not specifically set forth upon the first record, but it is, *apparently* for the same cause, sought to be litigated in the second action, it will be *primâ facie* evidence, and throw the *onus* of showing that such cause of action has not passed *in rem judicatam*, upon the plaintiff; Cist *v.* Zeigler, 16 Serg. & Rawle, 282; Wilson *v.* Hamilton, 9 Serg. & Rawle, 424; Parker *v.* Thompson, 3 Pick. 429; Wood *v.* Jackson, 8 Wend. 9; Young *v.* Black, 7 Cranch, 565; Lord Bagot *v.* Williams, 3 Barn. & Cress. 239. But it is unnecessary, at present, to pursue this branch of the inquiry further.

It has already been shown, that in the present instance we are not called upon to travel out of the record to show that this plaintiff has not enjoyed the benefit of a trial on the merits of his claim. An error was therefore committed by the court below, in taking the case out of the hands of the jury, by an authoritative direction to find a verdict for the defendant, for which the judgment must be reversed.

What has been said covers all the errors assigned, which are, in fact, reducible to the single mistake we have been considering.

Judgment reversed, and a *venire de novo* awarded.