## Kapp *v.* Shields.

*Res adjudicata—Former judgment—Evidence.*

The judgment of a court of concurrent jurisdiction directly on the point is, as a plea, a bar, or as evidence, conclusive between the same parties on the same matters directly in question in another court; but neither the judgment of a court of concurrent or exclusive jurisdiction is evidence of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment.

In determining whether a question is res adjudicata by reason of a

former judgment, parol evidence may be given to show the basis of a former recovery, provided that such evidence does not contradict the record. The charge of the court in the former suit may also be examined to determine, if possible, on what point the recovery was had.

*Res adjudicata—Former judgment—Landlord and tenant.*

In an action against a surety for rent to recover instalments of rent alleged to have accrued since a former judgment for prior instalments, a claim that a total exoneration from liability under the lease based upon the broken promises of an alleged agent, was the matter, " directly in question " in the former trial, is not sustained, where a fair inference drawn from examination of the statement of claim, the affidavit of defense, the charge of the court, and a portion of the testimony, at the former trial, was that the question in issue was whether the tenant was not entitled to a partial deduction by reason of the landlord's failure to do certain work upon the property as stipulated for in a parol agreement.

Argued April 10, 1901. Appeal, No. 104, April T., 1901, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1898, No. 516, on verdict for plaintiff in case of Maurice Kapp v. John Shields. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for rent against a surety in a lease. Before SHAFER, J.

At the trial the defendant claimed that the matter was res adjudicata by reason of a judgment recovered at September term, 1895, No. 488. There was also evidence that the plaintiff's agent, McKery, had promised as an inducement to the tenant to sign the lease that the landlord would put in a bathroom, build a kitchen, paper the house, put in electric lights, and do other work, and that he had failed to do so.

The court charged in part as follows:

[In regard to this lease, there was a former trial in common pleas court No. 1, and the record of that case has been put in evidence here. The rule of law is, and it is a very sensible and necessary rule, that if two people have litigated a matter and it has been contested in court, that it shall not be litigated over again, and therefore, if they have had a suit about a contract, any matter which is determined in that suit cannot afterwards be agitated between the parties nor again investigated. Now, in this case there is no question, I believe, and in fact, it is not denied, that there was such a suit, that the suit was about

the first six months' rent of these premises, and that practically the same question was raised and the same evidence was produced on both sides as was produced here, because it was raised practically about the same question, being merely for different months; that being a different case from this, however, in this respect; and in that case, most of the time, all but perhaps a month, for the rent of which the suit was brought Mrs. Quinn had been living in the house. As I understand the record in that case, the only thing the verdict really decided was that Mr. McKery was the agent. In that case there were some questions not particularly agitated in this case, but one question was whether or not Mr. McKery was acting for Mr. Kapp. As I understand the finding of the jury in that case, they must have found, and did find, that Mr. McKery was acting for Mr. Kapp. What the jury might have found as to these particular claims about a bathroom, etc., it is impossible for us to ascertain, and therefore the matter is all open for investigation in this case.] [1]

[The difference between these parties seems to me to be a good deal more about the time these things were talked of than anything else. There is not very much doubt that at some time while Mrs. Quinn was either negotiating to get this place, or before she moved in, or after she moved in and before she moved away, most of these matters were talked about between the parties—that is, about the door, bathroom and light and kitchen, and all that. The defendant says that these things were all talked about, were all agreed on and promised to be put in before the lease was signed. The plaintiff says that while they were talked about at different times, it was all after the lease was signed and after she was in there, and a part of it after she was refused a license. Now, the case hinges on that point. You will have to make up your minds as best you can from all the evidence whether or not these things were promised before the lease was signed. If you are satisfied of that by clear and satisfactory evidence, and have no practical doubt of it, then that would indicate that the defendant was entitled to some rebate at least, or to a verdict in his favor, according to circumstances. Unless you are convinced of that, and in that way, you will find a verdict for the plaintiff for the full amount.] [2]

Verdict and judgment for plaintiff for $1,395.91. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*J. S. Ferguson* with him *L. P. Stone,* for appellant.—The judgment of a court of concurrent jurisdiction directly upon the point is as a plea, a bar; or as evidence, conclusive upon the same matter directly in question, in another court: Duchess of Kingston's Case, 20 State Trials, 355; Pothier on Obligations, pt. 4, ch. 3, art. III; Case v. Beauregard, 101 U. S. 688; Luckenbach v. Anderson, 47 Pa. 123; Hollister v. Abbott, 31 N. H. 442; Voorhees v. Bank of U. S., 10 Peters (U. S.), 474.

*E. F. Hays,* of *Hays & Noble,* for appellee.—It was incumbent upon the appellant to show the judgment and facts upon which the judgment in first case was based, and to have read the testimony and to have printed the same in making up this record, for the purpose of giving the necessary information to this court of the grounds upon which the respective judgments are based.

Where all the evidence in a case, submitted to the court without a jury, is not printed, the Supreme Court will not decide whether or not there was error in the findings of fact or in those conclusions which were or might be based upon facts; but the statements of fact made by the court below will be taken as true: Hyndman v. Hogsett et al., 111 Pa. 643; Joyce v. Lynch, 17 W. N. C. 79.

The burden of proof was upon the defendant to show a case sufficiently strong to warrant a chancellor in enjoining a suit on the lease, or restraining the collection of the rent: Spencer v. Colt, 89 Pa. 314; Rowand v. Finney et ux., 96 Pa. 192; Murray et al. v. N. Y., Lack. & Western Railroad Co., 103 Pa. 37; Sylvius v. Hosek, 117 Pa. 67.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901:

In December, 1894, the plaintiff leased, by writing, a house to one Quinn. The defendant became surety for the rent. Quinn went into possession in January, 1895. Suit was brought against the surety for rent in arrear for the months of March,

April, May and June.  Defense was made and a verdict rendered for the plaintiff for about one half of his claim.

The present suit is for rent due from July 1, 1895, to the expiration of the lease, (a period of about two and a half years), during which time the tenant was not in possession.  By agreement of the parties, credit was given by the landlord for rent earned pending this controversy.  It is claimed by the defendant that the judgment rendered in the first suit was a judicial determination of the whole question of liability under the lease and that the effect of it was to estop the plaintiff from recovery in the present action, in other words, that the matter now in controversy is res adjudicata.  Here arises the only question involved in this appeal.

The rule laid down in the Duchess of Kingston's case is spoken of in Hibshman v. Dulleban, 4 Watts, 191, by Chief Justice GIBSON, as a brief and comprehensive summary furnishing a rule for every case that any complication of circumstances can produce.  See also Lentz v. Wallace, 17 Pa. 415, and Lewis and Nelson's Appeal, 67 Pa. 153.  The rule is this : " The judgment of a court of concurrent jurisdiction directly upon the point is, as a plea, a bar; or as evidence, conclusive between the same parties on the same matter directly in question in another court. But neither the judgment of a court of concurrent or exclusive jurisdiction is evidence of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment."  What has the appellant given us by which to determine how this rule operates in the present case ?  By the notes of the trial it appears that the whole record of the former suit was offered in evidence.  A small part of it only is printed. We are told by the appellee that ten witnesses were sworn. The testimony of two of them seems to have been read to the jury, but even this testimony is not printed.  We thus have before us none of the testimony in the form in which it was submitted at the first trial.  We observe further that the defendant does not seem to have offered any proof, dehors the record of the first suit, to show what question of fact the jury there passed upon.  He might have done so, since whenever it does not contradict the record, parol evidence may be given to show the basis of a former recovery : Follansbee v. Walker, 74 Pa. 306.

We are, however, furnished with copies of the statement of claim and the affidavit of defense in the first suit. From the former it appears that the rent was payable in monthly instalments, and that the suit was for certain of the instalments. The record of the present action shows that the suit is for subsequent instalments of rent alleged to have fallen due. This furnishes a substantial difference in the matter in question in the two suits: Sterner v. Gower, 3 W. & S. 136. Indeed, had the subsequently accruing instalments been erroneously included in the first action, and had this appeared by the record, a general verdict for the plaintiff might not have been a bar to a second action for the subsequent instalments: Kane v. Fisher, 2 Watts, 253; Carmony v. Hoober, 5 Pa. 305. The defendant might possibly, in the former suit, have asked for a special finding that he was relieved from liability under the lease because of failure of the landlord to do the promised work upon the house: Rockwell v. Langley, 19 Pa. 509. He apparently did not do this and must bear the results of any ensuing uncertainty as to the effect of the verdict and judgment. But the weight of presumption, as the case now stands, is rather in favor of the converse of his contention. The verdict in the first case seems to be that there was a liability to pay rent under the lease, but that the amount due in view of the defendant's claim, should be diminished. This would seem to be the result if proof was adduced to support the allegation in the affidavit of defense, of a total failure of consideration. If this be the proper inference to be drawn from the verdict, the effect upon the second action would seem to be to leave open only the question, whether the amount due for the unexpired term should be diminished by reason of the continued failure to do the work upon the property.

What purports to be a copy of the charge of the court as filed of record in the first case, has been furnished to us. This we may examine to determine if possible on what point the former recovery was had: Follansbee v. Walker, supra; Carmony v. Hoober, supra. The jury were in substance instructed (1) that they must be satisfied that the alleged promises inducing the signing of the lease were made; (2) that the agent who made the promises had authority to make them; and (3) that if satisfied that the promises were made, and by authority,

the defendant was entitled to a deduction. On these instructions the jury, as we have seen, found for the plaintiff. The result furnishes no basis for the contention that the matter now contended for, namely, total exoneration from liability under the lease, based upon the broken promises of the alleged agent, was the matter " directly in question " in the former trial.

We are of opinion that no error injurious to the appellant was committed by the court below and the judgment is therefore affirmed.