## Haws *versus* Tiernan.

1. The record of a suit by attachment in Virginia showed that the plaintiff failed to appear and his writ was "abated and dismissed, and that the defendant recover $5 and the costs," &c.; this was no more than a nonsuit and not a bar to a subsequent suit.

2. It is only when the merits have been passed upon, or from the course of pleadings and trial might have been passed upon, that a judgment bars a subsequent suit.

ERROR to the Court of Common Pleas of *Cambria county*.

This was an action of assumpsit, by P. H. Tiernan, endorser of George N. Smith, against A. J. Haws, founded on the following note:—

[Haws *v.* Tiernan.]

" Burning Springs, Wirt Co., Va., March 20th 1861.

Sixty days after date, I promise to pay to the order of G. Nelson Smith, two hundred dollars, for value received, without defalcation.

$200. A. J. Haws.
Endorsed G. Nelson Smith.

Received, March 21st 1861, twenty-five dollars on the within note.

$25.00. G. Nelson Smith."

The defence was that the plaintiff had sued the defendant on the same note in Wirt county, Virginia, in which there was a judgment against the plaintiff. The defendant gave in evidence the record of this suit, in which the judgment was :—

" This day came the defendant by his attorney, and the plaintiff being solemnly called, but came not, and on motion of the defendant, this attachment is abated and dismissed, and that the defendant recover against the plaintiff, five dollars and the costs by him about his defence in this behalf expended."

A fieri facias was issued, to which the return was, " no property found."

The defendant on the trial asked the court to charge, that the above judgment was a bar to the action.

The court (Taylor, P. J.) charged :—

" We refuse so to instruct you. Our reason for this refusal is, that while we give due force and effect to the record before us, it does not seem an adjudication of the cause of action set out in the plaintiff's *narr.*, or in other words, a decision or adjudication of the subject-matter in controversy on the merits, which is necessary to render it a bar. It shows only in our opinion a judgment of nonsuit, which had it been entered in this court, would not be entitled to the effect here claimed for it, and we are not apprised that it would have a conclusive effect against the plaintiff by the laws of West Virginia. The plaintiff's case being thus made out, and the defence set up being out of the way, we direct a verdict for the plaintiff."

There was a verdict for the plaintiff for $228.37. The instruction of the court was assigned for error.

*J. Potts* and *A. Kopelin*, for plaintiff in error.—The cause should have been decided by the laws of Virginia : Const. U. S., art. 4, § 1 ; Hampton *v.* McConnel, 3 Wheat. 234 ; Mayhew *v.* Thatcher, 6 Id. 129 ; Benton *v.* Bergot, 10 S. & R. 242. By the laws of Virginia the judgment became final on the last day of the term at which it was rendered : Code of Va., ch. 171, § 44.

*J. Fenlon*, for defendant in error.—" Former recovery" is not

3 P. F. Smith—13

[Haws *v.* Tiernan.]

an available plea, unless the recovery was on the merits : 1 Chit. Pl. 198; Gilman *v.* Rives, 10 Pet. R. 298; 1 Greenl. Ev., §§ 529-530; Carmony *v.* Hoober, 5 Barr 307.

The opinion of the court was delivered, November 5th 1866, by WOODWARD, C. J.—The evidence has not been sent up, but the court said it sustained the averments in the defendant's plea, that the note sued on in this action was the same for which a previous suit had been brought in the county court of Wirt county, Virginia.

But the court held, that the Virginia suit was no bar to this action, because it terminated in a nonsuit, and was not an adjudication of the merits.

The suit there was commenced by attachment, and the plaintiff failing to appear to his action, his writ was "abated and dismissed," and the court ordered that the defendant recover $5 and his costs against the plaintiff.

Very evidently this was no more than a nonsuit, and by the Virginia statutes it became, at the end of the term at which it was rendered, a final judgment, the circumstance which counsel supposes renders it a bar to the plaintiff's recovery in our courts upon the same cause of action. But it was final of what ? Not of the merits of the controversy, because they were not adjudicated, but final of the defendant's right to have his costs of suit, and $5 for the false clamor.

This was all that was adjudicated, and this is all that that record concludes. It would not bar a subsequent action upon the note either in Virginia or here, for a nonsuit, whatever the liabilities with which it is attended, can have such effect nowhere. It is only when the merits have been passed upon, or from the course of pleadings and trial they might have been passed upon, that a judgment sustains a plea of former recovery, and bars a subsequent suit.

We are, therefore, of opinion that the direction given to the jury was right, and the judgment is affirmed.