# Harvey, Appellant, *v.* Pollock.

*Nonsuit—Proper practice application to take off, and not rule to open —Exception—Appeal.*

There is no authority for opening a judgment of nonsuit. The proper practice is to apply to the court below to take off the nonsuit. If application is made within the proper time and a sufficient cause shown, the court that ordered it will take it off.

Upon a refusal to take it off, the party injured, provided he has excepted to such refusal, is entitled to an appeal. In the absence of an exception, no appeal would lie.

Argued March 28, 1892. Appeal, No. 136, Jan. T., 1892, by plaintiff, John L. Harvey, from judgment of C. P. No. 3, Philadelphia Co., March T., 1889, No. 244, discharging rule to open judgment of nonsuit, in favor of James Pollock et al., defendants. Before PAXSON, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL and HEYDRICK, JJ.

Feigned issue under sheriff's interpleader act.

The record showed that appellant made a claim upon goods which had been taken in execution under a judgment obtained by the appellees against John W. Reilly. An interpleader was granted wherein appellant became plaintiff, and appellees defendants. The appellant was nonsuited in the interpleader issue in consequence of his absence from court when the case was called for trial. Appellant subsequently took a rule in the court below to show cause why the judgment of nonsuit should not be .opened, alleging that his failure to be present

was due to his having received no notice that the case was on the trial list. The court discharged the rule [1], and discharged also a later rule to show cause why judgment should not be opened upon payment of costs. [2]

No exception was taken to the refusal of the court below to take off the nonsuit. Plaintiff appealed.

*Errors assigned* were (1) discharging the rule to open the judgment of nonsuit; (2) refusing to open the judgment of nonsuit on payment of the costs; (3) refusing to open the judgment of nonsuit and permit plaintiff to prove his title to the goods claimed.

*William H. Burnett, John Sparhawk, Jr.,* with him, for appellant.

*James Aylward Develin,* for appellee, not called on.

PER CURIAM, April 18, 1892:

This appeal was taken by the claimant in a feigned issue under the sheriff's interpleader act, from the refusal of the court below to open the judgment of nonsuit entered in the trial of that issue. The nonsuit appears to have been entered upon April 3, 1891, and the rule to show cause why said judgment should not be opened was taken Sept. 26, 1891. We are not aware of any authority for opening a judgment of nonsuit. It is not such a judgment as comes within the meaning of any of the acts of assembly in regard to the opening of judgments. The proper practice is to apply to the court below to take off the nonsuit. If application is made within the proper time, and sufficient cause shown, the court that ordered it will take it off. Upon a refusal to take it off, the party injured, provided he has excepted to such refusal, is entitled to an appeal to this court as in other cases. This is the course to be pursued, and there is no other. If, as alleged by the appellee, no exception was taken in the court below to the refusal to take off the nonsuit, no appeal would lie: Bondz v. Pa. Co., 138 Pa. 153; Anderson v. Oliver, Id. 157. In such case, if the case were brought here upon appeal, we could only affirm the judgment.

Judgment affirmed.