# A. L. Winters, Appellant, *v.* Mowrer, Adm. of Mowrer.

*Practice—Pleading—Statement—Promissory note.*

Where a statement in assumpsit avers a debt for money loaned to defendant, and in the same count sets forth a copy of a note given to plaintiff by defendant for the debt, it is not improper at the trial to treat the note as the real cause of action.

*Promissory notes—Fraudulent alteration—Evidence.*

In such a case where the defence is an alleged fraudulent alteration of the amount of the note, all evidence is admissible bearing in any way on the nature of the transaction.   Evidence is properly admissible that plaintiff at the time was borrowing a larger sum from a third party, and that he had declared to defendant's family that nothing was due him, and that he did not mention the debt when the inquiry was made at an inquest of lunacy held over the debtor.

*Promissory notes—Alteration of note—Charge of court.*

Where alteration of the amount of a promissory note is alleged as a defence to the note, but the signature to the note is not disputed, it is error for the court to say to the jury : " The defendant alleges that the note produced by Winters (plaintiff) is not the note of Mowrer (defendant) or that it was signed by him," and " If the whole evidence has satisfied you that the note produced was actually signed by George Mowrer as it now appears," etc.

Argued May 14, 1894.   Appeal, No. 165, July T., 1893, by plaintiff, from judgment of C. P. Lancaster Co., April T., No. 6, on verdict for defendant.   Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Reversed.

Assumpsit.   Before LIVINGSTON, P. J.

Plaintiff's statement was as follows :

" A. L. Winters is the plaintiff in this suit, and Christian Mowrer, administrator of the estate of George Mowrer, deceased, is the defendant therein, all residing in Lancaster county, Pa.   Said George Mowrer, deceased, in his lifetime, to wit, on Sept. 23, 1889, borrowed from and received from said plaintiff the sum of four hundred and eighty dollars ($480), which amount of money he promised and agreed to pay to said plaintiff, with five per cent interest thereon, in twelve months from the date of said loan, to wit, Sept. 23, 1889.   That at the time of said loan, said George Mowrer gave his promissory note for the same, of which the following is a true and correct copy :

" ' $480.00. Quarryville, Pa., Sept. 23, 1889.

" ' Twelve months after date, I promise to pay to the order of A. L. Winters, at the Quarryville National Bank, four hundred and eighty dollars without defalcation, for value received. With intrest at five per sint (cent) from date.

(Signed,) " ' GEORGE MOWRER.'

" Said George Mowrer signed said note. That no part of said sum of four hundred and eighty dollars has been paid, nor any interest been paid to plaintiff, or any one for him, by reason of same. There is now due and owing to plaintiff on said claim in this suit the sum of four hundred and eighty dollars, with five per cent interest on first twelve months after its date, and six per cent interest thereon from Sept. 23, 1890. Both the said George Mowrer and the defendant administrator have neglected and refused to pay said claim, although requested so to do by the plaintiff, and this suit is brought to recover the same, principal and interest, as aforesaid.

" Letters of administration on the estate of said George Mowrer, deceased, were granted to said Christian Mowrer, defendant, before the commencement of this suit, by the register of wills of said county."

Defendant alleged that the amount of the note had been fraudulently altered. There was no dispute as to the signature of the note.

When W. J. Wentz, a witness for defendant, was on the stand, the following offer was made : " Defendant offers to prove that, at or about the time the note was given, plaintiff had $600 borrowed of witness." Offer objected to by plaintiff, admitted and bill sealed. [6]

The witness said : " He had, as near as I can tell ; it was borrowed in the spring of 1887 or 1888 ; he has not paid it to me yet."

The same witness was asked : " Was or not inquiry made at the inquest of those present, as to the claims and indebtedness of George Mowrer, and what was said by plaintiff on that occasion as to any claim plaintiff had against Mowrer ? " Objected to by plaintiff, admitted, and bill sealed. [7]

The witness answered : " To the best of my knowledge inquiry was made, reports were made, plaintiff was there, and to my knowledge plaintiff made no statement as to any owing him."

Plaintiff's points were as follows:

" 1. If the jury believe the testimony of B. F. Rowe and John Conrad, or either of them, their verdict must be in favor of plaintiff. *Answer* : If the jury believe from the evidence of Rowe and Conrad, that the amount of money borrowed by Mowrer from Winters, the plaintiff, was $480, and that the amount was delivered to Mowrer, and that the note here presented was the note given for it by Mowrer to Winters, that it was in the same condition then as it is now, and has not been raised or altered since the time it was delivered by Mowrer to Winters, then the verdict should be for plaintiff for the amount of the note and interest." [1]

" 2. If the jury believe that on Sept. 23, 1889, George Mowrer borrowed four hundred and eighty dollars of A. L. Winters, as testified to, their verdict must be in favor of the plaintiff. *Answer* : If the jury believe from all the evidence that on Sept. 23, 1889, Mowrer actually borrowed from Winters $480, and that Winters really handed Mowrer the $480 in cash, there would be no inducement to change or raise the note, and the verdict should be for plaintiff for the money borrowed, with interest." [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2, 9, 11) instructions as above and as recited in opinion of Supreme Court; (6, 7) rulings; quoting bills of exceptions, evidence and instructions.

*B. F. Davis*, for appellant.—Plaintiff was entitled to a direct affirmance of his 1st and 2d points: Swank v. Phillips, 113 Pa. 482; 128 Pa. 652.

Plaintiff declared for money loaned, and also set forth in the statement as an incident of the transaction a copy of the note then given. The suit is really brought upon the original consideration and recovery can be had thereon : Atkinson v. Hawdon, 2 A. & E. 627; Clark v. Young, 1 Cranch, 181; Tobey v. Barber, 5 Johns. 68; Johnson v. Weed, 9 Johns. 309; Merrick v. Boury, 4 Ohio, 60; Lewis v. Schenck & Smith, 3 C. E. Green, 459; 2 Parsons on Notes, 571; Clute v. Small, 17 Wend. 238; Eckert v. Pickel, 59 Iowa, 545; Hughes v. Wheeler, 8 Cow. 77; Fitch v. Bogue, 19 Conn. 285; Chitty on Bills, 184.

Plaintiff proved by oral testimony that the alleged alteration was made at or before the delivery of the note. It is true that the law of Pennsylvania is, where there is an apparent alteration of a note the onus is upon the holder to show that it was made before the execution or delivery of the note. It is not so held in N. J. (1 Halsted, 215, Bank v. Hall), and Connecticut (11 Conn. 531, Bailey v. Taylor). The law in England is set forth in Knight v. Clements, 8 A. & E. 215: "Where a bill of exchange produced on a trial appears to have been altered the jury cannot, on inspection of such bill, without other proof, decide whether it was altered at the time of making or at a subsequent period." Defendant in this case offered no proof whatever on this point; and yet the question of fraud was left to the jury without any explanation or qualification.

Where there is a count on the bill, and a count on the consideration, plaintiff may be entitled to enter his verdict on both counts.

If an alteration of a writing is material, its only effect is to impair its value as evidence: Byles on Bills, 392; Babb v. Clemson, 10 S. & R. 426.

The evidence offered must correspond with the allegations and be confined to the point in issue: 1 Greenl. Ev. § 51; Anderson v. Hayes, 2 Yeates, 95.

If the testimony of Wentz was not properly admitted, then it was error to submit it as matter of so much relevance and importance to the jury: 1 Greenl. Ev. §§ 199, 200; Moore v. Smith, 14 S. & R. 393; Hocker v. Jamison, 2 W. & S. 438.

*W. U. Hensel, J. Hay Brown* with him, for appellee.—If on the production of a note it appears to have been altered, it is incumbent on the party offering it in evidence to explain the alteration, and to remove the suspicions attached to it: 1 Greenl. Ev. 564; Simpson v. Stackhouse, 9 Pa. 186; Kennedy v. Bank, 18 Pa. 347; Paine v. Edsell, 19 Pa. 178; Clark v. Eckstein, 22 Pa. 507; Hill v. Cooley, 46 Pa. 259; Heffner v. Wenrich, 32 Pa. 423; Hartley & Co. v. Corboy, 150 Pa. 23; Fulmer v. Seitz, 68 Pa. 237; Neff v. Horner, 63 Pa. 327; Craighead v. McLoney, 99 Pa. 211; Marshall v. Gougler, 10 S. & R. 164; McIntyre v. Velte, 153 Pa. 350; Nesbitt v. Turner, 155 Pa. 429.

The holder of a bill of exchange, after materially altering it,

cannot recover either on the bill or on the original consideration. A fraudulent and material alteration discharges both the note and the debt: 3 Randolph on Commercial Paper, par. 1763; Woodworth v. Anderson, 63 Iowa, 502; Gilmore v. Starr, 2 Bailey, S. C. 359; Meyer v. Huneke, 55 N. Y. 412; Ballard v. Ins. Co., 81 Ind. 242; Martendale v. Follet, 1 N. H. 95; Smith v. Mace, 44 N. H. 558.

No English nor American case has been cited to prove that the court below erred in holding that in case of a fraudulent alteration there can be neither recovery on the paper itself nor on the original consideration.

In Atkinson v. Hawdon, 2 A. & E. 627, it was not shown when the alteration took place, and it was argued that it might have been after the bill was due and dishonored. It is a question for the jury: Bailey v. Taylor, 11 Conn. 541; Barb v. Hall, 1 Halstead, 215; Byles on Bills, 322.

In Anderson v. Langdale, 3 B. & A. 660, plaintiff, by altering a bill in a material part, caused it to operate as a satisfaction of the debt for which it was originally given, and plaintiff was nonsuited in his action for the goods sold.

In Merrick v. Boury & Sons, 4 Ohio, 71, all that the court decided was that an alteration, made " under an honest mistake of right," still left the parties to recover upon the original cause of action. The court remarked, however, that tampering with a security, however honestly, is a dangerous thing and ought not to be encouraged. Lewis v. Schenck, 18 N. J. Eq. 461, was to the same effect and related to " an alteration without fraudulent intent." So also was Clute v. Small, 17 Wend. 238; Eckert & Williams v. Pickel, 53 Iowa, 549.

In Hocker v. Jamison, 2 W. & S. 438, the court held that a change of the figure " 4 " in a promissory note to a " 6 " avoided the note.

OPINION BY MR. JUSTICE MITCHELL, July 12, 1894:

The learned court below treated the note as the cause of action set out in the statement, and we cannot say that it was in error in doing so. The procedure act of 1887 requires the statement to be accompanied by a copy of the note, etc., " upon which the plaintiff's claim is founded," and the statement in the present case first avers the debt, and then follows it, in the

same count, with a copy of the note, set out not according to
its legal effect as in a common law declaration, but according
to its exact form and tenor as required by the procedure act.
In the anomalous and unscientific state to which our pleading
is reduced by this act, it is impossible to predicate certainty of
anything in regard to it, but this is not a common law declara-
tion, and it has the general characteristics of a statutory state-
ment on the note.

The action being upon the note, the question of the right to
recover on the original consideration, discussed by the appel-
lant, is not before us.   For the same reason the testimony of
the witnesses Rowe and Conrad that they saw the money
loaned, was not conclusive, and therefore the plaintiff's first
and second points were properly affirmed only with a qualifi-
cation as to the bearing of the evidence on the real issue on
the note.

The defence being an alleged fraud in the alteration of the
amount of the note, the door was thrown open to evidence
bearing in any way on the nature of the transaction.   The tes-
timony therefore, that plaintiff, at about the time of the alleged
loan, was borrowing a larger sum from the witness Wentz,
was entirely competent.   It might not under some circum-
stances be of much weight and was certainly not conclusive,
but it bore on the probable truthfulness of the loan alleged on
one side and denied on the other.

So also the declarations of plaintiff before the family of de-
fendant's testator that nothing was due him, and his failure to
mention this debt when inquiry was made at the inquest of
lunacy, were properly admitted as bearing on the fact of the
alleged loan.

The learned judge however used certain expressions in his
charge, no doubt inadvertently, which unduly increased the
plaintiff's burdens.   Thus he said, "the defendant .... alleges
that the note produced by Winters is not the note of Mowrer
*or that it was signed by him,*" and again, "If the whole evi-
dence has satisfied you that the note produced *was actually
signed* by George Mowrer as it now appears," etc.   We do not
understand that Mowrer's signature to the note was disputed.
Plaintiff had a genuine note, and he was entitled to the benefit
of a clear understanding of that fact by the jury as the basis

of his case.    The issue was whether he had fraudulently altered the amount.

What the learned judge meant, no doubt, was that defendant denied that the note in *its present form* was signed by Mowrer, etc., but the expressions used unfortunately had a larger scope, and tended to give the jury the idea that the defence denied the execution of the note by Mowrer altogether.    For this error we are obliged to send the case to another jury.

Judgment reversed, and venire de novo awarded.