# Funk *v.* Young, Appellant.

*Partnerships—Partnership loan—Judgment note by one partner
—Suit on note—Subsequent action against other partner—Defenses
—Res adjudicata—Case for jury.*

1. It is only when the merits have been passed upon, or from
the course of pleadings and trial they might have been passed
upon, that a judgment sustains a plea of former recovery and bars
a subsequent suit.

2. A partner has no implied power to bind his copartner person-
ally by a note under seal with power of attorney to confess judg-
ment, and, in a suit on such note, although given for a loan to the
partnership, recovery can be had only against the partner who
executed it; but such judgment is not a bar to a subsequent ac-
tion, not on the note, against the other partner for the amount of
the loan.

3. In an action against a member of a partnership for money
loaned to another member of the partnership for the use of the

firm, it appeared that such other partner had given judgment notes under seal as security for the loan, and that in an action on the notes judgment was entered in favor of the member who did not sign them. Defendant contended that the former action on the notes was a bar to the subsequent action for the money loaned the firm. *Held,* that as defendant in the subsequent action could never have been held liable in the former action, the decision in the former action was not res adjudicata and the case was properly submitted to the jury.

Argued March 22, 1916. Appeal, No. 50, Jan. T., 1916, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1913, No. 596, on verdict for plaintiff, in case of Emil Funk v. Mahlon A. Young, who, with Frederick G. Emmott, was trading as Emmott Tea and Coffee Company. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for money loaned. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,829.87 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury and the refusal of defendant's motion for judgment n. o. v.

*Harvey Gourley,* for appellant.—The judgment for defendant in the previous suit settled the present issue, not because this issue was therein involved, but because it was one which plaintiff had omitted to present, but which he might have presented and had decided therein: Stradley v. Bath Portland Cement Co., 228 Pa. 108; Burt v. North Philadelphia Trust Co., 45 Pa. Superior Ct. 320; Head v. Meloney, et al., 111 Pa. 99; Raisig v. Graf, 17 Pa. Superior Ct. 509; Jenkins v. Scranton, 205 Pa. 598; Roney v. Westlake, 216 Pa. 374; Simes v. Zane, 24 Pa. 242; Carvill v. Garrigues, 5 Pa. 152; Logan v. Caffrey, 30 Pa. 196.

*C. W. Conard,* of *Conard, Middleton & Orr,* for appellee.—The court did not decide that the plaintiff could not recover the money loaned the firm and the doctrine of res adjudicata does not apply : Carmony v. Hoober, 5 Pa. 305; Pittsburgh Const. Co. v. West Side Belt R. R. Co., 227 Pa. 90; Mannerback v. Penna. R. R. Co., 16 Pa. Superior Ct. 622; Haviland v. Fidelity Ins., Trust & Safe Dep. Co., 108 Pa. 236; Levinson v. Blumenthal, 25 Pa. Superior Ct. 55; Birch v. Andrew's Mill Co., 52 Pa. Superior Ct. 193; Follansbee v. Walker, 74 Pa. 306; Bischoff v. Dubree & Loper, 27 Pa. C. C. 190; Detrick v. Sharrar, 95 Pa. 521; Weigley v. Coffman, 144 Pa. 489; Buchanan v. Banks, 203 Pa. 599; Haws v. Tiernan, 53 Pa. 192; Gerrish & Brewster v. Pratt & Bunker, 6 Minn. 53; Johnson v. White, 21 Miss. 584; Foster, et al., v. Busteed, 100 Mass. 409; Walker v. Davis, 67 Mass. 506; Sager v. Blain, 44 N. Y. 445; Stradley v. Bath Portland Cement Co., 228 Pa. 108; Burt v. North Philadelphia Trust Co., 45 Pa. Superior Ct. 320.

OPINION BY MR. JUSTICE POTTER, July 1, 1916 :

This was an action of assumpsit by Emil Funk against Mahlon A. Young, who was a copartner with Frederick G. Emmott, trading as Emmott Tea & Coffee Company. In his statement of claim plaintiff averred that, between May 31, and November 16, 1907, at the request of Emmott, he loaned to the firm various sums of money aggregating $2,145, which had not been repaid to him, and for which he brought this suit. Defendant in his affidavit of defense denied that between the dates mentioned in the statement any partnership existed between himself and Emmott, and also denied that the money was loaned to the firm, or used in the firm business. He further alleged that the claim was res adjudicata. On the trial, it appeared from the evidence that the money was advanced by plaintiff upon the dates set forth in the statement. Both plaintiff and Emmott testified that the loans were made to the partnership and were intended

for its use. For the first two loans which were made, promissory notes were given. When the third loan was made, the promissory notes were destroyed, and a judgment note was given to cover the entire amount loaned up to that time. When the last loan was made, a second judgment note was given. These judgment notes were signed by Emmott in the name of the partnership, and with his own name.

On July 28, 1910, judgment was entered on the two judgment notes, against both partners, but the court struck off the judgment against the present defendant. Plaintiff then brought an action of assumpsit against him to recover the amount of the two judgment notes, and obtained judgment against him. On appeal to this court, the judgment was reversed, as reported in Funk v. Young, 241 Pa. 72, on the ground that a partner has no implied power to bind his copartner personally by a note under seal, with power of attorney to confess judgment. On May 29, 1913, the present suit was brought to recover the amount of the original loans. The trial judge held that the judgment in the former case was not a bar to this suit, and refused a request for binding instructions in favor of defendant. He submitted the case to the jury to determine whether the loan had been made to the partnership or to Emmott individually, and whether plaintiff had any knowledge or reason to believe that Emmott intended to appropriate the money to other than partnership purposes. The jury determined both of these questions in favor of plaintiff and returned a verdict for the full amount of his claim, with interest. A motion for judgment n. o. v. was dismissed by the court in banc, and judgment was entered on the verdict. Defendant has appealed, and his counsel argue that the judgment in the former suit between these same parties, was an adjudication of the question here raised. That contention is answered by the opinion of this court in that case, Funk v. Young, 241 Pa. 72. Our Brother MESTREZAT there said (p. 75) : "The action was assump-

sit, and was brought by the plaintiff against the defendant Young to recover on the two judgment notes executed by Emmott, and not to recover the money loaned by the plaintiff to the firm. The failure of the learned trial judge to recognize this distinction in the final disposition of the case resulted in an erroneous judgment against the defendant. While he charged that the action was on the notes, in refusing judgment non obstante he held that it was on the loan......Had this action been brought to recover the loan, the remarks of the learned court might have been convincing and conclusive of the right of the plaintiff to recover. It is apparently conceded by the learned court, as appears from the excerpt from his opinion just quoted, that there could be no recovery against Young on the notes. It is the settled law of this State that a partner does not have the implied power to bind the persons or separate estates of his nonassenting copartners by a note under seal containing a warrant of attorney authorizing the confession of a judgment thereon, and that while a judgment entered on the note will be sustained against the partner confessing it and for the purposes of execution against the goods of the firm it will be vacated as to the nonassenting copartners individually......It is clear that if the present action was brought on the notes there can be no recovery against Young." And again (p. 78) he said: "It is, therefore, apparent from the pleadings and the trial of the cause that the suit was brought on the notes and not to recover the loan to the partnership. The fact that the plaintiff testified that he loaned the money to the partnership was not sufficient to show the cause of action or to permit a recovery on the notes. Whether he could recover against Young in an action for the money loaned the partnership is not an issue in this case and therefore need not be determined. As said in Winters v. Mowrer, Admr., 163 Pa. 239, 244: 'The action being upon the note, the question of the right to recover on the original consideration, discussed by the appellant,

is not before us.'" It is apparent therefore that the cause of action in the case cited, was not the same as that upon which the present suit is based, and the judgment there rendered is not a bar to this action. In Haws v. Tiernan, 53 Pa. 192, Mr. Chief Justice WOODWARD said (p. 194): "It is only when the merits have been passed upon, or from the course of pleadings and trial they might have been passed upon, that a judgment sustains a plea of former recovery, and bars a subsequent suit." In Pittsburgh Construction Co. v. West Side Belt R. R. Co., 227 Pa. 90, Mr. Justice STEWART reviewed the authorities on this subject and quoted with approval (p. 102) from Herman on Estoppel, 278, the statement that "The judgment must be upon the merits; if the real merits of the action are not decided in the prior judgment, it is no bar." And further (p. 104): "In Coleman's App., Grubb's App., 62 Pa. 252, it is said by SHARSWOOD, J., (p. 272): 'Whenever a judgment is relied on for this purpose, it is competent for the adverse party to show that the particular point was not adjudicated, if in law it could have been rendered upon any other. ......The principle is well stated by Mr. Justice NELSON in Washington, Etc., Steam Packing Company v. Sickles, 72 U. S. 580, 592: 'As we understand the rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, where the judgment is used in pleading as a technical estoppel or is relied on by way of evidence as conclusive, per se, it must appear, by the record of the prior suit, that the particular controversy sought to be concluded was necessarily tried and determined—that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered to have settled that matter as to all future actions between the parties; and further, in cases in which the record itself does not show that the matter was necessarily and directly found by the jury, evidence aliunde consistent with the record may be received to

prove the fact, but even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be conclusive.' "

Counsel for appellant further contends that the former judgment is a bar to the present suit, because, even if plaintiff did not include in his first suit his claim for money loaned, he might have done so, and is therefore concluded by the judgment. We cannot accept this suggestion as sound. Had there been any cause of action upon the notes, it would have been separate and distinct from, and subsequent to, that upon the claim for money loaned. The two causes would not have existed at the same time, as the claim for money loaned would have passed into the claim upon the notes. If defendant had been liable on the judgment notes, he would not have been liable upon account of the loans. But if, as was the case, he never became liable upon the judgment notes, then his liability upon the loans remained, and was unaffected. Counsel relies on the decision in Roney v. Westlake, 216 Pa. 374, 378, from which he quotes a paragraph which concludes: "A party cannot try his action in parts. The judgment is conclusive, not only of the matters contested, but as to every other thing within the knowledge of the complainant which might have been set up as a ground for relief in the first suit." This language is, however, part of a quotation from 1 Freeman on Judgments, Section 272, p. 494, which quotation contains also the following sentence: "If the claim is specifically embraced in the pleadings, the presumption is, that it was presented at the trial, and considered in the rendition of the judgment." Our rule in Pennsylvania was stated by Mr. Chief Justice Woodward in Converse v. Colton, 49 Pa. 346, 352, and repeated by Mr. Justice Green in Haviland v. Fidelity Ins. Trust & Safe Dep. Co., 108 Pa. 236, 244, as follows:

"When the cause of action in which a previous judgment has been rendered was entire, and therefore insusceptible of severance or apportionment, the estoppel will extend to the whole, and it cannot be shown that any part of that which was laid in the narr. was withheld from the jury, but when the cause of action was severable in its nature, although it will be presumed, prima facie, that the judgment includes the whole, this presumption may be rebutted by clear evidence that it extends only to a part." In the present case, as we have already pointed out, the defendant never was liable upon the judgment notes. When he was sued upon them, it was as though he had been sued upon notes made by another person. But under the facts as found by the jury, he was liable for the money loaned, and that was a different issue from that presented and tried in the former case. The notes did not operate as a merger of the partnership indebtedness, for the defendant, a member of the firm, was not a party to them. Nor were they a satisfaction of the partnership indebtedness, as they were not accepted as the individual obligation of Emmott, the partner who signed the notes with the firm name. See Hoskinson, et al., v. Eliot, et al., 62 Pa. 393. It was there held that the questions whether money was loaned on the credit of a firm, or on that of the partner who received it, and whether a note was received as the individual obligation of the partner who gave it, in satisfaction of the firm debt, were questions of fact for the jury. The case at bar involved questions of the same character which were submitted to the jury in a charge to which no exception was taken, and of which no complaint is made, on this appeal.

The assignments of error are overruled, and the judgment is affirmed.