## The Larkin Co., Appellant, *v.* Faggen et al.

*Partnership—Writing under seal—Execution by one partner—Liability of silent partner.*

A partner does not have authority to bind another by a sealed instrument. Any implied authority, arising out of the partnership relation, is limited to ordinary dealings within the scope of the partnership business, which does not include contracts under seal.

When a lease is executed by two partners, it will not bind the estate of the silent partner, where there is no evidence to show his assent to the lease before it was signed, or ratification afterwards.

Argued Oct. 18, 1918. Appeal, No. 269, Oct. T., 1918, by plaintiff, from judgment of C. P. No. 1, Philadelphia

Co., March T., 1915, No. 3950, directing a verdict in favor of the plaintiff against the defendants, Solomon Faggen, Harry Faggen, and in favor of the defendant, Rosalind R. Greenwald, Executrix of the Estate of Joseph L. Greenwald, deceased, in the case of The Larkin Co. of Penna. v. Solomon Faggen, Harry Faggen and Rosalind R. Greenwald, Executrix of the Estate of Joseph L. Greenwald, dec'd.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and WILLIAMS, JJ. Affirmed.

Assumpsit upon lease under seal.   Before ROGERS, J.

The facts appear in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff against Solomon Faggen and Harry Faggen and in favor of the defendant Rosalind R. Greenwald, executrix of the estate of Joseph L. Greenwald, dec'd, and entered judgment thereon.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for the defendant.

*Jacob I. Weinstein,* and with him *Michael F. Donoghue,* for appellant.—The silent partner was liable under the terms of the contract: Bank v. Crowell, 177 Pa. 313; Guckert v. Hacke, 159 Pa. 303; Manufacturing Co. v. Beale, 204 Pa. 85; Tonge v. Item Publishing Co., 244 Pa. 417; Campbell v. Beaman, 68 Pa. Superior Ct. 30.

The payment of rent ratified the lease: Myers v. Sprenkle, 20 Pa. Superior Ct. 549; Louden Savings Fund Society v. Hagerstown Savings Bank, 36 Pa. 498; Edwards v. Tracy, 62 Pa. 380; Haworth v. Truby, 138 Pa. 222; Anderson v. The Surety Co., 196 Pa. 288; Garrett v. Gonter, 42 Pa. 143; Fenn v. Dickey, 178 Pa. 258; Kelly v. Burnham, 248 Pa. 223; Carson v. Carson, 25 W. N. C. 358.

*Morris Wolf,* and with him *Horace Stern,* for appellees.—In the absence of evidence that he had authorized

or ratified the lease the silent partner cannot be held: Moore's Executors v. Patterson, 28 Pa. 505; Zoebisch v. Rauch, 133 Pa. 532; Daley v. Iselin, 218 Pa. 515; Pittsburgh, etc., R. R. Co. v. Gazzam, 32 Pa. 340; Thrall v. Wilson, 17 Pa. Superior Ct. 376; Sword v. Reformed Congregation, 29 Pa. Superior Ct. 626.

A partner has no implied authority to bind the individual estate of his partner by an instrument under seal: Gerard v. Basse et al., 1 Dall. 119; Schmertz v. Shreeve, 62 Pa. 457; Funk v. Young, 241 Pa. 72; Bond v. Aitkin, 6 W. & S. 165; Snyder v. May and Klose, 19 Pa. 235; Hoskinson v. Eliot, 62 Pa. 393.

OPINION BY HENDERSON, J., April 21, 1919:

The statement of claim sets forth a lease in writing under seal between the plaintiff as lessor and Faggen Bros., Solomon Faggen and Henry Faggen lessees. The liability of the lessees named is not denied, but the plaintiff seeks to recover a judgment against the legal representative of Joseph L. Greenwald on the ground that he was a member of the firm of Faggen Bros. at the time the lease was executed. The attempt is therefore to charge him personally in an action on a writing under seal to which he was not a subscribing party. The right to recover is based on the written agreement. It is conceded by the learned counsel for the appellant that one partner cannot bind another by a sealed instrument, and many authorities compel this concession, among which is the recent case of Funk v. Young, 241 Pa. 72. The implied authority arising out of the relationship to bind each other is limited to ordinary dealings within the scope of the business of the partnership, but contracts under seal relating to future action are out of the usual course of business and are not recognized as binding on non-assenting partners. Assuming that a partnership existed, it was necessary for the plaintiff to show that Greenwald assented to the execution of the lease before it was signed, or that he ratified it afterwards. It is not

pretended that any evidence was introduced showing approval by him of the contract before it was signed, and a case could only be made out therefore by the presentation of such evidence as was sufficient to satisfy a jury that he ratified it. This the plaintiff attempted to do by offering a check for $250, dated June 30, 1914, signed,                          "FAGGEN BROS.

"S. Faggen

"Countersigned   Jos. L. Greenwald,
                          "A. B. M."

It was not alleged that Joseph L. Greenwald countersigned the check. That was done by A. B. Miller, who was shown to have been his agent, but the weakness of the position in this respect is that the case is destitute of evidence to show that either Greenwald or the agent knew that the lease had been executed, or that Greenwald was bound by the act of the persons who were alleged to have been his partners. Neither Greenwald nor Miller are shown to have known what the check was to be used for. As evidence of ratification, it lacks the essential element that the act of the agent should have been known by the principal, and that the latter should have been fully informed of all the material facts and circumstances connected with the agent's act. In the absence of evidence that the facts were communicated to the party to be charged, or that he had knowledge of them and assented to that which was done for him, ratification cannot be successfully claimed. If the principal had carried out or offered to perform part of an unauthorized agreement, ratification might be implied if it appear that he had knowledge of the whole agreement at the time of the performance of the part, but we have no such case here. There is no evidence of knowledge by Greenwald of the circumstances of the countersigning of the check or of its existence, and there was therefore no evidence of ratification which the court should have submitted to the jury. The assignments are dismissed and the judgment affirmed.