Scharf, Appellant, *v.* Richard De Cou Company.

Argued January 10, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Samuel J. Marks,* of *Marks & Marks,* for appellant.

*Henry I. Koplin,* with him *Michael A. Foley,* for appellee.

OPINION BY MR. JUSTICE DREW, January 31, 1936:

Suit in trespass for personal injuries was begun by plaintiff against defendant in May, 1933, and was listed for trial on October 24, 1934. The case was called on the next day, but upon failure of plaintiff or his counsel to appear a nonsuit was entered. A subsequent motion to take off the nonsuit was refused. No appeal was taken. Thereafter, in February, 1935, within the statutory period, the present suit was instituted, between the same parties and based upon the same accident. Defendant filed a petition praying for a rule for judgment against plaintiff on the ground that the matter in controversy was res adjudicata. Argument on the petition and plaintiff's answer thereto was had, and the rule was thereupon made absolute and judgment entered in defendant's favor. This appeal followed.

In explanation of his failure to appear when the case was called for trial in October, 1934, plaintiff's counsel states that the case was at the bottom of the list, that a number of prior cases had been indicated as ready for trial, and that his own case was called only because the trial list unexpectedly "broke down." In short, it is claimed that counsel had reason to believe the case would not be called when it was. Although a jury was sworn, no testimony was taken, and the nonsuit was undoubtedly entered because of the lack of appearance on plaintiff's side.

It is thus clear that at no point in the course of the first suit was there any sort of trial or hearing on the merits of plaintiff's case. The rule absolute for defend-

ant in the present case was therefore error. It has long been established that a prior judgment or decree between the same parties on the same cause of action is not res adjudicata and therefore not a bar to a second suit when the merits of the controversy were not passed upon in the first action: Carmony v. Hoober, 5 Pa. 305; Haws v. Tiernan, 53 Pa. 192; Weigley v. Coffman, 144 Pa. 489; Pittsburg Construction Co. v. West Side Belt R. R. Co., 227 Pa. 90; Moore v. Schell, 99 Pa. Superior Ct. 81; see Follansbee v. Walker, 74 Pa. 306, 310; Buchanan v. Banks, 203 Pa. 599, 601; Roney v. Westlake, 216 Pa. 374, 380; Funk v. Young, 254 Pa. 548, 553. In reference to that rule, it was well said in Carmony v. Hoober, supra, at page 308: "Indeed a contrary rule would be founded in such rank injustice as to be insupportable, and had such an one been even entertained in the earlier ages of the law, when reason and truth were but too often made to give way before the fancied force of technical subtleties and hair-drawn distinctions, it must long since have succumbed to the enlightened wisdom which tolerates litigation only as a means of administering uniform justice." The fact that an appeal from the first judgment was not taken, though it might have been, does not defeat the action: Weigley v. Coffman, supra. Indeed, it is doubtful whether plaintiff could have appealed from the former judgment in view of Wallace v. Cooper, 2 W. 108, where it was said that a nonsuit entered for nonappearance was in effect suffered voluntarily and was therefore not the subject of a writ of error.

Harvey v. Pollock, 148 Pa. 534, is said by defendant to be conclusive against plaintiff. The case, however, is not parallel. It there appeared that a judgment of nonsuit was entered against the plaintiff because of his absence from court when the case was called for trial. No exception was taken to the court's refusal to take off the nonsuit. A rule to show cause why the judgment of nonsuit should not be opened was filed five months after the

entry of the nonsuit, and the lower court's discharge of the rule was affirmed by this court, on the ground that there was no authority for opening a judgment of nonsuit under such a rule. The point decided in that case was simply that the court had no authority to open a judgment of nonsuit and that the form of relief sought by plaintiff was therefore improper. The case in no way decided that a second suit would be barred. A much closer case is Haws v. Tiernan, supra, where the plaintiff's suit in Virginia had been dismissed and judgment entered against him on the ground that he did not appear when called. In a suit in this State between the same parties on the same cause of action, the Virginia judgment was pleaded in bar, on the ground that, under Virginia law, it had become a final judgment at the end of the term in which it had been rendered. In rejecting this plea and affirming a judgment for the plaintiff, Mr. Chief Justice WOODWARD pointed out that the Virginia judgment was no more than a nonsuit which was not conclusive of the merits, and stated: "It is only when the merits have been passed upon, or from the course of pleadings and trial they might have been passed upon, that a judgment sustains a plea of former recovery, and bars a subsequent suit."

The case now before us is clearly not within the Act of March 11, 1875, P. L. 6. That act provides for the entry of a nonsuit by the trial judge "if, in his opinion, the plaintiff shall have given no such evidence as in law is sufficient to maintain the action." It is further provided that, upon refusal by the court in banc to set aside the nonsuit, the plaintiff may remove the record into this court for review, "with like effect as he might remove a judgment rendered against him upon a demurrer to evidence." It is quite apparent from the language of the act that it contemplates only a case where plaintiff has offered or has had full opportunity to offer evidence in support of his claim. The act and the cases under it are therefore not pertinent to the present situation.

What the result would be if plaintiff had presented his case in the first suit we need not now consider. Plaintiff has not had his day in court, and he may not be deprived of it under the circumstances here shown.

Judgment reversed with a procedendo.