## Hanover Trust Company v. Weaver et al.

*E. V. Bulleit*, for plaintiff.

*J. Donald Swope*, for defendants.

REESE, P. J., ninth judicial district, specially presiding, March 4, 1936.—The plaintiff, Hanover Trust Company, has brought this action of assumpsit against the defendants, trading as R. A. Smith Cigar Company, a partnership engaged in manufacturing cigars, upon two promissory notes, one dated September 11, 1924, for $1,000, and the other dated September 19, 1924, for $2,000. Each

note contained a warrant of attorney to confess judgment and each was under seal and signed as follows:

"R. A. SMITH CIGAR COMPANY; [seal]
"By R. A. Smith, [seal]
"Roger A. Smith. [seal]"

The defendant Weaver, on behalf of himself and the partnership, has filed an affidavit of defense raising questions of law, his contention being that the statement of claim does not state a cause of action for the reason that it is not alleged therein that Smith was authorized to sign such notes in the name of the partnership.

If the notes here involved were not under seal and did not authorize confession of judgment, no averment of authority in Smith to execute them would be necessary, "Inasmuch . . . as, in the absence of express or implied notice to the contrary, each partner is the agent of his copartners, authorized to borrow money for the firm, and to give obligations therefor": Rhodes v. Terheyden et al., 272 Pa. 397, 400.

But it is a general principle of the common law that a note under seal does not bind the firm, but only the member or members signing it, unless assented to or ratified by the other partners: 47 C. J. 875. The courts in Pennsylvania have always followed this principle. "It is doubtless a general principle of the common law, that a partner cannot bind his copartners by seal": Dubois' Appeal, 38 Pa. 231, 236.

"One partner has no authority to bind his copartners by deed, and a specialty given by one, in the name of the firm, binds only himself. This principle is so well settled that it is unnecessary to cite any authority for it": Hoskinson et al. v. Eliot et al., 62 Pa. 393, 402.

In Funk v. Young, 241 Pa. 72, as in the present case, judgment notes under seal were given by one partner in the name of the firm, and an action thereon was brought against the other partner. There was no evidence that the defendant had previously authorized the execution of the notes or had ratified them. The Supreme Court held that

the trial court should have directed a verdict for the defendant, the court saying, at page 75:

"It is the settled law of this State that a partner does not have the implied power to bind the persons or separate estates of his non-assenting copartners by a note under seal containing a warrant of attorney authorizing the confession of a judgment thereon. . . . A non-signing partner may be liable on a sealed note executed by his copartner by previously authorizing the execution of the note or thereafter ratifying the act".

See also Bond v. Aitkin, 6 W. & S. 165; Kramer v. Dinsmore et al., 152 Pa. 264; Miller v. The Royal Flint Glass Works, 172 Pa. 70, 76.

The Supreme Court reiterated the same principles in a later appeal of Funk v. Young, 254 Pa. 548, 552, which was an action in which the plaintiff sued, not on the notes, but for the amount of the loan.

These authorities are decisive in the present matter unless, as contended by the plaintiff, the common-law principles set forth have been changed by section 9 of the Uniform Partnership Act of March 26, 1915, P. L. 18, which provides:

"(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member, binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority. (2) An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way, does not bind the partnership unless authorized by the other partners."

Does this act change the common-law rule that one partner cannot bind his copartners by a note or contract under seal? No case has been cited or can be found which

so holds. On the other hand, in Dinger v. Friedman et al., 279 Pa. 8, the common law was tacitly recognized, but the court said that the fact that the writings involved were sealed was of no significance under the issues, and, since the instrument would have been valid without a seal, the seal could be treated as surplusage. We cannot so treat the seal in the present case, for the notes matured in 1924, and the seal does have significance in preventing the application of the statute of limitations.

In The Larkin Co. v. Faggen et al., 71 Pa. Superior Ct. 430, it was held that a partner does not have authority to bind another by a sealed instrument and that any implied authority, arising out of the partnership relation, is limited to ordinary dealings within the scope of the partnership business, which does not include contracts under seal.

Since a partnership is ordinarily formed for the purpose of commercial transactions and the documents and contracts used in such transactions do not require seals, it does not seem, in the words of the Uniform Partnership Act of 1915, supra, to be apparently carrying on the business of the partnership in the usual way for one partner to execute a note or contract in the firm name under seal and thus expose the partnership and the other partners to an obligation to which the statute of limitations does not apply. If the question here presented were raised within six years of the maturity of the notes, we could treat the seal as surplusage, as in Dinger v. Friedman et al., supra. For the reasons already stated, this cannot be done since more than 12 years have elapsed since the maturity of the notes. Hence we are constrained to hold that where one partner incurs in the firm name an obligation to which the statute of limitations does not apply because under seal his act is not apparently carrying on the business of the partnership in the usual way, and, to bind the partnership, must be shown to have been previously authorized or subsequently ratified by the other partners. Since no such averment appears in the statement of claim herein, a cause of action is not sufficiently alleged.

And now, March 4, 1936, the affidavit of defense raising questions of law is sustained, and the prothonotary is directed to enter judgment in favor of R. A. Smith Company and C. Stanislaus Weaver, unless within 15 days from this date the plaintiff files an amended or supplemental statement of claim.