## McQueen v. United Insurance Company of America

*Robert X. Medonis*, for plaintiff.
*Edward J. Krug*, for defendant.

McLEAN, J., July 2, 1973.—This case comes before the court on defendant's motion for judgment on the pleadings. The facts are as follows:

In December 1972, plaintiff filed suit against defendant at no. 7958 of 1972, arbitration docket, of this court. At the time of the filing of the complaint, a hearing date was given for arbitration on March 5, 1973. On the day of the hearing, neither plaintiff nor his counsel appeared. Defendant appeared ready to proceed and the case went before the board of arbitrators who made the following award:

"Award of Arbitrators"

"And now, the 5th day of March, 1973, we, the undersigned Arbitrators in the above case, having been duly sworn and *after a full and complete hearing*, do find and make our award for defendant [scratched out by the arbitrators is 'judgment of non-pros'] Ex parte by reason of plaintiff having failed to appear." (Italics supplied.)

The award was then signed by the arbitrators and filed on March 5, 1973 with the prothonotary.

On March 20, 1973, plaintiff instituted a new suit on the same cause of action against the same defendant at no. 1741 of 1973, arbitration docket, of this court. It is undisputed that the parties and the cause of action are the same in both law suits. Defendant asserted the defense of res judicata and filed a motion for judgment on the pleadings.

Allegheny County has adopted local rules and the calendar control judges have promulgated, by order of court, rules for the conduct of arbitrators and arbi-

tration hearings (hereinafter referred to as the local arbitration rules) under the applicable statutory and decisional authority regarding compulsory arbitration.

The clear purpose of the local arbitration rules is to insure that arbitration hearings are conducted and awards are made on the basis of all the relevant evidence necessary for a just adjudication of the controversy. To this end, the local arbitration rules require that parties appear at the arbitration hearing and present all the relevant evidence to the arbitrators. Without these two requirements there would be no point in conducting compulsory arbitration which, in fact, was not compulsory because the parties could choose to try all, part or none of their case at the scheduled hearing, then file a new law suit or take an appeal, thus leaving their adverse party in a position where he has appeared, with his witnesses, ready to proceed only to find that the other side, without notice, has unilaterally cancelled or frustrated the hearing.

Local rules 303(A) and 303(B) provide for the conduct of hearings:

"A. . . . The Prothonotary shall fix a time and date of hearing and shall notify the Arbitrators and all parties to the suit. Failure of either party to attend the arbitration hearing, without just cause, will result in judgment against the absent party. No hearings shall be fixed for Saturdays, legal holidays or evenings.

"B. In the event that a continuance shall be necessary and there is sufficient grounds therefore, as set forth in the Pa. R. C. P. 216, then and in that event, a continuance may be allowed by the Calendar Control Judge."

It is clear under local rules 303(A) and 303(B) that failure of either party to attend the arbitration hear-

ing, without just cause, will result in judgment against the absent party and that continuance will be granted by the calendar control judge upon the grounds set forth in Pennsylvania Rule of Civil Procedure 216.

Local rule 304 provides for the report and award of the arbitrators and local rule 306 provides for appeals from the report and award. Under local rule 304(B) the report and award, unless appealed from, are final and have all the attributes and legal effect of a verdict, and, after the appeal time, the successful party or his counsel may enter judgment on the award and the execution process may begin on the judgment, as in the case of other judgments.

The hearing scheduled for March 5, 1973, on plaintiff's first lawsuit was conducted under the order of court, effective February 2, 1972, providing for the conduct of arbitrators and arbitration hearings.

The purpose of the order of court is clearly to cause a hearing to be held on the scheduled date and a decision and award to be made by the arbitrators. In paragraph 12, the arbitrators are instructed to hear "the whole case and make a determination thereof on the merits"; in paragraph 13, the arbitrators are instructed not to allow the plaintiff to take a voluntary nonsuit; in paragraph 14, the arbitrators are instructed not to grant a directed verdict for either party; in paragraph 15, the arbitrators are instructed to decide the case upon the facts found consistent with the law; in paragraph 17, the arbitrators are instructed that if plaintiff appears and defendant does not appear, absent prior judgment for want of an appearance and answer, the arbitrators are to hear the case and enter an award as the law and evidence dictates; or if defendant appears but plaintiff does not, the case is to be sent before the board of arbitrators for hearing, at which hearing the award for defendant is to note that

plaintiff did not appear and defendant did appear ready to proceed and that the names of witnesses who actually appear and/or testify are to be noted on the award. Additionally, the Pennsylvania Rules of Civil Procedure are applicable.

It is clear that these rules are intended to cause a hearing on the merits to be held on the scheduled date. Therefore, we hold in the instant case, under the local arbitration rules, that after the case was called for hearing and plaintiff did not appear and defendant did appear ready to proceed and the case was ordered to a hearing before a board of arbitrators and, as indicated by its award a full and complete hearing was held, its award for defendant is res judicata as to the issues pleaded in the first law suit. Therefore, we grant defendant's motion for judgment on the pleadings.

We find no inconsistency between the local arbitration rules and the Pennsylvania Rules of Civil Procedure. The grounds for continuance under Pa. R. C. P. 216 are expressly adopted under local rule 303(B). Pennsylvania Rule of Civil Procedure 218 authorizes, but does not require, procedures which may be implemented when a party is not ready when a case is called for trial:

"When a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court, a non-suit *may* be entered on motion of the defendant, or the plaintiff *may* proceed to trial, as the case may be. Where the trial proceeds the court *may* require the prothonotary, or *may* authorize any attorney of the court, to participate in the drawing of a jury in behalf of the unready party.

"If no party is ready for trial when a case is called, the court shall strike the case from the trial list.

Adopted Sept. 8, 1938. Eff. March 20, 1939." (Italics supplied.)

Rule 218 does not provide exclusive procedures to be followed when a party is not ready when a case is called for trial. Therefore, our local arbitration rules provide that the hearing is held on the scheduled date unless an order of court is obtained continuing the case or other affirmative action is taken under the appropriate rules.

Pennsylvania Rule of Civil Procedure 229(a) provides that a discontinuance shall be the *exclusive* method of voluntary termination of an action by plaintiff before commencement of the trial. Pennsylvania Rule of Civil Procedure 230(a) provides that a voluntary nonsuit is the *exclusive* method of voluntary termination of an action by plaintiff during the trial.

Therefore, under Pa. R. C. P. 229(a) and 230(a) there are only two methods for voluntary termination of an action, one applying before trial and one applying during trial. In the instant case, plaintiff did not act under either 229(a) or 230(a) to terminate the action, but instead he did not appear, thereby causing the action to proceed to an ex parte hearing on the merits as provided by the local arbitration rules.

Pennsylvania Rule of Civil Procedure 231 provides that, after a discontinuance or voluntary nonsuit, plaintiff may institute a second law suit on the same cause of action upon the payment of the costs of the former action. However, neither a discontinuance nor a voluntary nonsuit occurred in the instant case because plaintiff allowed the case to proceed to a hearing at which there was a decision and award by the arbitrators. We hold that Pa. R. C. P. 231 does not allow plaintiff, after a hearing on the merits has been held, to commence a second action upon the same cause

of action previously adjudicated. His only remedy is an appeal within the required time.

We have been unable to find, nor does plaintiff cite, any case law which provides that he may effect a discontinuance or a voluntary nonsuit by nonappearance at scheduled hearing.

Plaintiff relies upon this court's opinion in Delmonico International Corp. v. Phillips, 59 D. & C. 2d 235, 120 Pitts. L. J. 287 (1972), a case in which we interpreted Scharf v. Richard De Cou Co., 320 Pa. 552 (1936).

In Scharf, plaintiff did not appear when his case was called for trial and, after the jury was sworn but before any testimony was taken, a nonsuit was entered and the court stated:

"Although a jury was sworn, no testimony was taken, and the nonsuit was undoubtedly entered because of the lack of appearance on plaintiff's side.

"It is thus clear that at no point in the course of the first suit was there any sort of trial or hearing on the merits of plaintiff's case. The rule absolute for defendant in the present case was therefore error. It has long been established that a prior judgment or decree between the same parties on the same cause of action is not res adjudicata and therefore not a bar to a second suit when the merits of the controversy were not passed upon in the first action." (Citations omitted, at 553.)

" 'It is only when the merits have been passed upon, or from the course of pleadings and trial they might have been passed upon, that a judgment sustains a plea of former recovery, and bars a subsequent suit' ": At 555.

Delmonico International Corp. v. Phillips, supra, was not an identical situation. In Delmonico, an arbitration hearing was scheduled and plaintiff did not

appear on the day of the hearing, although defendant did appear ready to proceed. At the hearing, the arbitrators, under the local arbitration rules in effect at that time, made an award of non pros for defendant. Preliminary objections asserting res judicata as a defense to the second law suit were overruled on the basis that Scharf held res judicata not available unless there had been a consideration of the merits in the earlier lawsuit. Delmonico was decided prior to the February 2, 1972, order of court which orders that a hearing be held where one or both parties appear ready to proceed on the scheduled hearing date.

A plaintiff must take affirmative action under Pa. R. C. P. 229(a) and 230(a), and nonappearance or nonaction by a plaintiff justifiably results in a hearing on the merits at which the absent party may suffer an award and subsequent judgment as the evidence and law dictate. See Delco Ice Mfg. Co. v. Frick Co. Inc., 318 Pa. 337 (1935), where the court stated:

"Where one puts in motion the process of a court, or seeks to use the procedure of the court for the purpose of obtaining a benefit for himself, jurisdiction is conferred over him so far as the defendant in the proceeding or the court is concerned": (footnote omitted, at 345.)

We also look for guidance to the very recent case of Budget Laundry Co. v. Munter, 450 Pa. 13 (1972), in which the Supreme Court stated:

"Dilatory practices by lawyers cannot be countenanced. Nor can lawyers be permitted to disrupt the orderly process of disposition of litigation by the sheer weight of the number of cases which they are engaged to try. But it must always be borne in mind that lawsuits are more than numbers or punches in computer cards. Individual cases are, of course, of

great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies justifiably laid down to improve the condition of the courts": at 21.

And further, that:

"We are, of course, loathe to interfere in the workings of the calendar control court. Nevertheless we must caution that speedy disposition is not the sole element to be considered in dispensing justice, and that where special circumstances exist, special consideration must be given lest we allow statistical surveys and analysis to become the be-all and end-all of our system of justice": at 23.

Although in a situation where it was held that the calendar control court abused its discretion, we believe the opinion in Budget Laundry is an endorsement of our efforts to provide speedy disposition of civil matters under conditions which result in certainty and justice, not just in the majority of the cases but in all cases where it is possible. Toward this end, Allegheny County has adopted rules for its small claims division which allow plaintiff, as in the instant case, to file a complaint directly in arbitration, thereby obtaining on the date of the filing of the complaint a hearing date, which occurred in this case, and to request a continuance under Pa. R. C. P. 216 or to make use of other applicable rules of civil procedure. Where plaintiff fails to appear at the scheduled hearing, it will go on without him, absent a showing of adequate cause for his nonappearance.

Res judicata thus appearing in the pleadings, defendant is entitled to judgment on the pleadings.

## ORDER OF COURT

And now, July 2, 1973, following argument and consideration of the briefs filed, it is ordered that

judgment on the pleadings is hereby granted in favor of defendant.