522 A.2d 100

**FARABAUGH CHEVROLET–OLDSMOBILE, INC., Appellant,**

**v.**

**COVENANT MANAGEMENT, INC., John A. Salathe and Darcy C. Salathe.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1986.

Filed March 13, 1987.

Richard F. Flickinger, Ligonier, for appellant.

Charles P. Falk, Pittsburgh, for appellee.

Before BROSKY, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

Farabaugh Chevrolet-Oldsmobile, Inc., (Farabaugh), commenced an action against Covenant Management Inc., (Covenant) and John & Darcy Salathe. When the case was called for trial Covenant and the Salathes were present, but Farabaugh failed to appear. The court granted the motion of Covenant and the Salathes for a nonsuit under Pa.R.C.P. 218. Farabaugh later commenced a second action based on the same claim. The court granted the motion of Covenant and the Salathes for judgment in their favor but denied their counterclaim for attorney's fees. Farabaugh appeals to this Court and argues that the nonsuit entered against it

in the first case was a voluntary nonsuit and that as such it should have been permitted to commence the second suit.

When this appeal was called for oral argument on December 17, 1986, counsel for Farabaugh did not appear and did not communicate any reason for not being ready to proceed to the court. Counsel for Covenant and the Salathes was present and was granted leave to proceed ex parte. Although we could dismiss this appeal as of course, pursuant to Pa.R.A.P. 2314, we deem it appropriate to respond to the contentions set forth in Farabaugh's brief.

In its argument in its brief before this Court, Farabaugh relies upon *Scharf v. Richard DeCou Company,* 320 Pa. 552, 183 A. 41 (1936). The plaintiff in *Scharf* commenced an action to recover for personal injury sustained in an accident. Both plaintiff and his counsel failed to appear in court when the case was called for trial. Plaintiff later moved to take off the nonsuit. The motion was refused and from that refusal plaintiff did not appeal. Plaintiff later instituted a second suit based upon the same accident. Defendant petitioned for judgment against plaintiff on the ground that the matter was *res judicata.* The lower court ruled in defendant's favor. The Supreme Court of Pennsylvania reversed. The supreme court found that *res judicata* did not apply because plaintiff had not had his day in court and would not be deprived of it under the circumstances of that case. One of these circumstances discussed by the court was that plaintiff's counsel explained to the court his failure to appear.

In the case at bar, Farabaugh offers no explanation of its failure to appear when the first case was called for trial. Farabaugh never sought to have the trial court remove the nonsuit. Thus it not only offers no explanation for its failure to this Court, but did not even attempt to offer one to the trial court.

■ If a party submits a motion to the trial court to take off a non-suit and fails to provide the court with a satisfactory excuse for being unprepared, the court can properly refuse to take off the nonsuit. *Snyder v. Port Authority*

*of Allegheny County,* 259 Pa.Super. 448, 393 A.2d 911 (1978).

Thus, if Farabaugh had moved in the trial court to take off the nonsuit it would have been required to present the court with a satisfactory excuse for the failure to appear when the case was called. What Farabaugh attempts to do now is to bypass that step, commence a second action and when confronted with Covenant and Salathes' motion for entry of judgment, offer no explanation for its prior failure to appear.

We agree with Farabaugh that *res judicata* is not a bar to its claim, since there was no adjudication on the merits. *Scharf v. Richard DeCou Company,* 320 Pa. 552, 183 A. 41 (1936). Farabaugh also attempts to characterize the nonsuit entered below as a voluntary nonsuit, so that it can avail itself of Pa.R.C.P. 231. This rule allows a plaintiff to commence a second action upon the same cause of action following a *voluntary* nonsuit upon payment of the costs of the former action. Pa.R.C.P. 231(a). However, Pa.R.C.P. 218, under which the nonsuit in this case was entered, provides:

> When a case is called for trial, if without satisfactory excuse a plaintiff is not ready the court may enter a non-suit on motion of the defendant or a non pros on the court's own motion.

Pa.R.C.P. 218. The rule thus does not refer to a non-suit, such as the one entered here, as a voluntary non-suit. Farabaugh presents this Court with no case law, nor has our research disclosed any which would require that such a non-suit be classified as a voluntary non-suit for Rule 231 purposes. Since Farabaugh has in no way explained its failure to appear in the first case, and never even moved in the lower court to take off the non-suit, we believe the trial court properly entered judgment in favor of Covenant and the Salathes.

Order entering judgment in favor of Covenant and the Salathes affirmed.